### The Theological Seminary of Auburn *vs.* Childs & Stebbins.

Previous to the revised statutes, a pecuniary legacy to a corporation, payable out of the proceeds of real estate which the executors were directed to sell, was valid, although the corporation was not authorized by its charter to take real estate by devise.

Whether such a legacy is valid, under the provisions of the revised statutes? *Quære.*

Since the revised statutes, a devise of real property in trust for a corporation is void, unless such corporation is expressly authorized by its charter, or by statute, to take by devise.

THE object of this suit was to obtain the decision of this court as to the validity of a legacy from D. W. Childs, deceased, to the complainants. By the will of the testator, he devised to his executors certain real estate, to be sold for the benefit of his children, and for the payment of certain legacies. Among other legacies which he directed to be paid out of the proceeds of such real estate, was one of $500, to the trustees of the Theological Seminary at Auburn.

*John Porter*, for the complainants. The complainants are authorized, by the act, creating them a corporation, (*Sess. Laws*, 1820, 197,) to receive a devise of lands directly to them. It was decided in the case of *M'Cartee* v. *The Orphan Asylum Society*, (9 *Cowen*, 437,) that the term purchase, used in the act then in question, did not include devise; and as that was the term relied upon for that purpose, that the testator could not devise to that corporation directly. But in the complainants' charter they are declared to be capable, in law, of taking, purchasing, holding and conveying, both in law and equity, any estate, real or personal. The term taking, must, both in its popular and in its technical meaning, include devise; a more comprehensive term, to describe the power of receiving in any and every manner, could not be used. If the word purchase is to be received as having been used in a restricted sense, as was decided in *M'Cartee* v. *The*

1834.

Theological
Seminary of
Auburn
v.
Childs.

*Orphan Asylum Society,* then some other meaning must be attached to the word take, which can only mean devise, or the word was used without meaning.

The devise in the will of the testator, of certain lands, from the sale of which a fund was directed to be raised for the benefit of his children, and to pay legacies, (one of which legacies was given to the complainants,) was to the defendants in trust; and cannot be affected by the statute of wills. To shew that the devise to the executors, the defendants, in trust for the complainants, a corporation, is good, it can only be necessary to refer to the elaborate opinion of Jones, chancellor, in the case of *M' Car-tee* v. *The Orphan Asylum Society,* (9 *Cowen, p.* 444, *&c.*) I refer also to 2 *Kent's Com.* 286, and 288, *n. a.,* and *vol.* 4, *page* 508, *note a.* The case of the *Orphan Asylum Society* was reversed in the court of errors, only on the ground that the devise was directly to the corporation; and the position of Chancellor Jones, that the devises may be made to natural persons, in trust for a corporation, is not questioned. The English cases, cited by the counsel for the defendants, were decided upon the mortmain acts; and the 9*th Geo.* 2, *ch.* 36, expressly provides that no lands shall be given to any person, in trust, for any charitable use, unless, &c. But it is contended that the exception in the statute of wills operates by way of prohibition. This is certainly a new reading of the statute. The language of the act, (1 *R. L.* 364,) gives the power to any person having an estate of inheritance in lands, &c. to devise them to any other person, except bodies politic and corporate. The act professes to confer a right, where none existed before; but instead of making that right universal, it imposes a limitation. But this limitation upon the power of a devisee cannot, of itself, work a disqualification to the cestuis que trust to take a beneficial interest under the will, provided the devisee was enabled by the statute to take the estate. Indeed, if the exception is to have the construction contended for, it having existed in the same form in the English statute of wills, where was the policy or necessity of the act of 9*th Geo.* 2*d, ch.* 36? And why are the English courts driven to that statute for authority to decide that bequests of money to charitable uses, directed to be raised by the sale of

land, are invalid and void ? To show that such cannot be the true reading of the act, I refer to the case of the *Orphan Asylum Society*, (9 *Cowen*,) and especially to the argument found at pages 457, &c. and also at 518, 519, &c. If the views taken of the statute of wills in the arguments referred to in 9 *Cowen*, are correct, then the bequest to the complainants must be held valid, because it was made, and the testator died long before the revised statutes went into operation.

This court has jurisdiction to sustain the devise in this case, though void, under the statute of wills, it being made for charitable purposes, and to persons capable of taking. In support of this position, I refer to 2 *Kent's Com*. 285, 6, 7, *and the authorities there cited*, and to *vol. 4, page 508, last edition.* Chancellor Kent considers that the court of chancery in England has jurisdiction, independent of the statute of 43*d Eliz. ch.* 4, called the statute of charitable uses ; and if so, this court has the same jurisdiction.

*C. Stebbins*, for the defendants. A devise of land to the complainants directly would have been void. The powers of the corporation are precisely the same as they were in the case of the *The Orphan Asylum Society, (9 Cowen's Rep. 506,) Act of Incorporation, (Laws of 1820, p. 197.)* A bequest of money to be raised by the sale of land is equally void, as containing the policy of the statute of wills. Although the exception in the statute of wills in England may have been inserted to prevent a repeal of the mortmain acts, and not by way of prohibition, corporations being already prohibited from taking by the mortmain laws ; yet, here it must operate by way of prohibition, because we have no mortmain laws, and its introduction could have been for no other purpose than to prohibit devises to corporations. The policy of the law could only have been to protect individuals against improvident devises, because the feudal reasons for the adoption of the mortmain laws, to wit, the exemption of lands from the feudal burdens, were inapplicable here in consequence of the abolition of those tenures. Such being the policy of the law, the withholding a capacity to take is equivalent to a prohibition, and so it would seem to have been considered by the le-

1834.

Theological
Seminary of
Auburn
v.
Childs.

gislature in revising the laws; for instead of the exception in the old statute, a direct prohibition is inserted in the revised statutes. (2 *R. S.* 57, § 3.) If, then, the exception in the old statute of wills is to be regarded as a prohibition, and to have the same construction as the present statute, the cases in England are numerous that the bequest in this case is void. (3 *Bro. Ch. Ca.* 233. 1 *Vesey, jun.* 279. 2 *Vesey, sen.* 52. 2 *Fonb. Equity, book* 2, *pt.* 2, *ch.* 1, § 2, *in note.*) These cases are subsequent to 9 *Geo.* 2, *ch.* 36, which prohibits devises of lands, or money to be laid out in lands, for charitable uses, &c. But that act does not, in terms, prohibit bequests of money to be raised out of land; such bequests are held invalid, as contravening the policy of the law. Our revised statutes prohibit every devise to a corporation, and are therefore co-extensive with the statute of wills in England, and also with 9 *Geo.* 2, *ch.* 36. No doubt can be entertained that the English cases would be strictly applicable to a devise under our present law; and for the reasons above stated, we insist that the former statute of wills must receive the same construction as the revised statutes. The substitution of a prohibition in terms, in the place of the exception in the old statute, being merely declaratory of the law as it before existed.

THE CHANCELLOR. By the decision of the court for the correction of errors in *M'Cartee* v. *The Orphan Asylum Society*, (9 *Cowen's Rep.* 437,) it is settled that the statute of wills of March, 1813, (1 *R. L.* 364,) did not authorize a devise of real estate directly to a corporation. And in the recent revision of the laws, it is declared that no devise to a corporation shall be valid unless such corporation be expressly authorized by its charter, or by statute, to take by devise. (2 *R. S.* 57, § 3.) It is insisted, however, on the part of the complainants, that by their act of incorporation they are authorized to take lands by devise directly to themselves. By the first section of that act, (*Laws of* 1820, *p.* 197,) the corporation is declared to be capable in law of taking, purchasing, holding and conveying any real or personal estate. And it is supposed by the complainants' counsel that the word *taking*, in this act, distinguishes it materially from the act incorporating The Orphan Asy-

lum Society, in which that word is not found. Were there no other way in which a corporation could *take* property, according to the usual acceptation of that term, except by a devise thereof, this charter might, perhaps, by necessary implication, give to a testator the right to transfer his title to real estate to the corporation by will. A corporation, however, may acquire property by a gift, or voluntary donation, as well as by a purchase thereof, in the ordinary sense in which the word purchase is used. There is nothing, therefore, in the use of the word *taking*, in the complainants' act of incorporation, from which we are authorized to infer that the legislature intended to give to them the right to take, either real or personal estate, in any other manner than that in which the owner thereof was authorized to convey it to any other corporation. He had the power to do this by bargain and sale, or by a gift or voluntary grant thereof to the corporation. But he was not authorized, either by statute or by the common law, to transfer the legal title in his real estate, to a corporation, by a direct devise. To make a valid transfer of property, it is not only necessary that the individual, or corporate body, to whom it is to be transferred, should have the legal capacity to take, but the person who is to make the transfer must also have the right or power to transfer the property, in the manner in which he attempts to transfer the same. In this case, therefore, I am satisfied the complainants could not have acquired title to real estate by a direct devise from the testator. It will be necessary then to inquire whether the decedent could give to the complainants a part of the proceeds of his real property, as a testamentary bequest, by means of a devise of a power to his executors to sell the estate for that purpose.

A devise to a corporation being now prohibited by statute, and the legislature having abolished mere nominal trusts, and indeed all trusts as to real estate except in a few specified cases, it seems to follow that no devise to, or in trust for a corporation is valid, either at law or in equity, unless such corporation is expressly authorized by its charter, or by some other statutory provision, to take by devise. (*2 R. S. 57*, § 3. 1 *Id.* 728, § 49. *Id.* 729, § 58. *Id.* 737, § 129.) In this case the testator died before the passing of the revised

statutes.   Yet it is insisted on the part of the defendants that the exception of corporations, in the statute of wills which was then in force, must receive the same construction as the prohibitory clause in the present law ; and that the testator could not give to a corporation, indirectly, an interest in, or a valid lien upon his real estate, when he had not the legal power to make a direct devise of the estate itself to such corporation. I am not prepared to say that the devise of a power in trust to executors to sell lands for the payment of a legacy charged thereon, in favor of a corporation, would be invalid, even under the revised statutes.    On that subject, however, I do not wish to be understood as expressing any definitive opinion.    But I am satisfied that at the time this will was made, and at the death of the testator, in 1826, he had the legal right to devise his real estate to a trustee in trust for a corporation ; and that the devise of such estate to his executors, to sell the same, for the payment of this and other legacies charged thereon, was valid.

The feudal policy having changed the ancient common law of England, and deprived the owners of lands of the power of devising the same at their deaths, the statute of wills was an enabling statute, and the exception as to corporations was strictly only an exception, and not a prohibition. The decision of this court in *The Orphan Asylum Society* v. *M'Cartee,* is conclusive on this question.    Although the decree of Chancellor Jones in that case was reversed, it was solely upon the ground that the devise to the corporation was direct, and not to the executors in trust.    Indeed, Mr. Justice Woodworth, who delivered the opinion of the majority of the court for the correction of errors in that case, admits that if the legal estate had remained in the executors, in trust for the corporation, and they had refused to pay over its portion of the proceeds of the property on a sale thereof, the complainants would have been entitled to relief.    (9 *Cowen's Rep.* 506.)    The cases referred to by the defendants' counsel are founded upon the prohibitions of the statute, 9 *Geo. 2, ch. 36 ;* (1 *Evan's Stat.* 324,) under which statute, although it contains no express words prohibiting a bequest of money to be produced by the sale of lands, for charitable purposes, it has

been settled by construction that such a bequest is void, as being within the spirit and meaning of the act. (*See* 14 *Vesey's Rep.* 541.)

There must, therefore, in pursuance of the stipulation in the case, be a decree against the defendants for the payment of the legacy, to the complainants, out of the proceeds of the lands devised to the executors to be sold, for that and other purposes.