Leslie *v.* Marshall.

------

## LESLIE *vs.* MARSHALL and others.

A testator, by his will, devised to his wife, for life, certain real estate. He made other devises, and then devised and bequeathed one third part of the rest, residue, remainder and reversion of his estate, real and personal, to M., the defendant, and to the heirs of her body forever; and in case of her death without issue then living, he devised and bequeathed her said portion, to be divided in equal parts, to the Trustees of the Theological Seminary of Auburn, and to the Trustees of the Buffalo Orphan Asylum, in fee forever, for the uses and purposes contemplated by their respective charters. He then devised and bequeathed to C. and the heirs of his body, forever, another third. And in case of C.'s death without issue then living, the testator devised and bequeathed his said portion, to be divided in equal parts, to the Trustees of the Theological Seminary, and to the Trustees of the said Orphan Asylum, in fee, forever, for the like uses and purposes. The widow died in 1855, and C. died in 1857 without issue then living. The Trustees of the Theological Seminary claimed, under the will, one sixth of the rest,

Leslie *v.* Marshall.

residue, remainder and reversion of the estate, and the plaintiff, who was a sister of C., claimed it as heir at law of C. At the death of the testator the Theological Seminary was not authorized, by its charter, or by statute, to take real estate by devise, but it had capacity to do so at the time of the death of C.

*Held*, 1. That the estate attempted to be devised to the Theological Seminary was not an executory devise, but was a contingent remainder, and would have been such at common law.

2. That inasmuch as the Theological Seminary had no power to take, at the time of the testator's death, and the testator did not contemplate that any additional capacity should be conferred upon it, to enable it to take such remainder, the devise to the Trustees of the Theological Seminary was void.

3. That the Trustees of the Theological Seminary had no title to, or interest in, the real estate of the testator; but that the plaintiff was seised in fee, as the heir of C., of the one half of the undivided third devised to C.

All the contingencies upon which an estate, created by will, is to depend, must be contained in the will; and the courts cannot change the estate, by incorporating any other contingency or condition. Per MARVIN, J.

APPEAL from a judgment in an action for the partition of real property. Bela D. Coe made and published his last will and testament, and died in November, 1852, leaving a widow him surviving. He devised to his wife, for and during her natural life, certain real estate. He made other devises, and then devised and bequeathed one third part of the rest, residue, remainder and reversion of his estate, real and personal, to his wife's sister, Mellicent D. Marshall, and to the heirs of her body forever, and in case of her death without issue, then living, he devised and bequeathed her said portion, to be divided in equal parts, to " The Trustees of the Theological Seminary of Auburn in the State of New York," and to the trustees of the Buffalo Orphan Asylum, in fee forever, for the uses and purposes contemplated by their respective charters.

He then devised and bequeathed to his nephew Edward B. Coe and the heirs of his body, forever, another third. And in case of his death without issue then living, he devised and bequeathed his said portion, to be divided in equal parts, to the Trustees of the Theological Seminary, and to the Trustees of the said Orphan Asylum, in fee, forever, for the like

uses and purposes. Mrs. Coe died in April, 1855. Edward B. Coe died, as the case finds, September 18th, 1857, without issue then living. The "Trustees of the Auburn Theological Seminary" claimed under the will, one sixth of the "rest, residue, remainder and reversion of the estate;" and the plaintiff, who is a sister of Edward B. Coe, claimed it as heir at law of Edward. The decision of the special term was in favor of the claim of the seminary, from which the plaintiff appealed to the general term.

*Cox*, for the plaintiff,

*John Porter*, for the Theological Seminary.

*Geo. Wadsworth*, for the Buffalo Orphan Asylum.

*By the Court*, MARVIN, J. The question in this case is, whether the "Trustees of the Theological Seminary of Auburn, in the State of New York," had capacity to take by devise, the remainder, under the will. There is no ambiguity in the will ; no construction is called for. The intention of the testator is entirely clear. It was his intention that the Theological Seminary, upon the happening of the contingency specified in the will, should take the equal one half of the one third devised to Edward B. Coe.

The Theological Seminary was incorporated in 1820. It was not expressly authorized by its charter, or by statute, to take real estate by devise. By the statute of wills and testaments, (2 *R. S.* 57, § 3,) "No devise of real estate to a corporation shall be valid unless such corporation be expressly authorized by its charter, or by statute, to take by devise." (*See Theological Seminary of Auburn* v. *Childs*, 4 *Paige*, 419.)

We are referred to *Sess. Laws of* 1840, *ch.* 318, and *Sess. Laws of* 1841, *ch.* 261, and it is argued that by these statutes the seminary was authorized to take title to real estate by

Leslie *v.* Marshall.

devise. By the first of these acts, real and personal property may be granted and conveyed to any incorporated college or other literary incorporated institution in this state, to be held in trust for certain specified purposes : 1st. To establish and maintain an observatory. 2d. To found and maintain professorships and scholarships. 3d. To provide and keep in repair a place for the burial of the dead. 4th. For any other specific purposes comprehended in the general objects authorized by their respective charters. By the latter act devises of real estate in trust, for the purposes for which trusts are authorized under the act of 1840, are authorized.

In the present case the devise was not in trust for any of the purposes specified in the act of 1840. In my opinion, without discussing the question, these statutes do not aid the defendant.

This brings us to the act of March, 1857, amending the act incorporating the Theological Seminary, and authorizing a devise of real estate to the institution, to be held in trust for the uses and purposes of the act amended, with a limitation not necessary to be noticed here. Thus it will be seen that at the time Bela D. Coe died, the defendant, a corporation, was not authorized by its charter or by statute to take real estate by devise. It was so authorized at the time Edward B. Coe died, and the question is, did this corporation take the remainder ?

It is said by the defendants' counsel, that the devise in question, by the common law, was an *executory devise,* and that under our revised statutes it is denominated a remainder. It is then conceded that when, in an executory devise, the commencement of the estate devised is not expressly deferred to a future period, the devise must be to a person capable of taking at the death of the testator; but, it is insisted that when a future time is mentioned when the estate is to commence, the devise is good as an executory devise, if, when the time arrives, the devisee is capable of taking ; and it is claim-

ed that such is the character of the present case. Some authorities are cited, which will be hereafter noticed.

At present it may be serviceable to ascertain the nature of the estate, according to the statute "Of the creation and division of estates."

A future estate is an estate limited to commence in possession at a future day, either without the intervention of a precedent estate, or on the determination, by lapse of time or otherwise, of a precedent estate created at the same time. When a future estate is dependent on a precedent estate, it may be termed a remainder, and may be created and transferred by that name. Future estates are either vested or contingent. They are vested when there is a person in being who would have an immediate right to the possession of the lands, upon the ceasing of the intermediate or precedent estate. They are contingent while the person to whom, or the event upon which they are limited to take effect, remains uncertain. (1 *R. S.* 723, §§ 10, 11, 13.) Expectant estates are descendible, devisable and alienable in the same manner as estates in possession. (*Id.* 725, § 35,) When an expectant estate is created by devise, the death of the testator shall be deemed the time of the creation of the estate. (§ 42.) It should have been previously noticed, that estates in expectancy are divided into estates commencing at a future day, and reversions.

In the case we are considering the estate was in expectancy, to commence at a future day, depending upon a precedent estate. It was contingent, as the event upon which it was to take effect remained uncertain, viz. the death of Edward B. Coe, without issue then living. It was descendible, devisable and alienable in the same manner as estates in possession. It was *created* at the time the testator died. Such, clearly, would have been the estate if the devisee had had capacity, by its charter or by statute, to take the estate devised. But the devisee, the "Seminary," had no such capacity. It existed as a corporation, but without the capacity to take real estate by devise. If the estate now claimed ever had an existence,

it was created at the death of the testator. It does not follow from this that the devise of an expectant, contingent estate, will be void unless the devisee is in existence and capable of taking the estate at the death of the testator. The contingency upon which the estate is made to depend, may not happen until long after the death of the testator. But the particular contingency must be specified in the will, and if it is such as may happen and does not violate law, then upon its happening, the estate will vest.

In the case under consideration, the devise to the corporation was, upon the contingency of the death of Edward B. Coe without issue then living. It was not made upon the contingency that the "Trustees of the Theological Seminary at Auburn, in the state of New York," should acquire capacity to take real estate by devise, or this particular estate. And herein is an important difference between this case and *Inglis* v. *The Trustees of the Sailor's Snug Harbor*, (3 *Pet.* 99.) In that case the testator died in 1801. The devise was to the chancellor of the state of New York and several others, officially named, and their respective successors in office, upon certain trusts specified. The testator declared it to be his last will and devise, in case what he had specified could not be legally done according to his intention, by such trustees, without an act of the legislature, that the trustees should, as soon as possible, apply for an act of the legislature to incorporate them for the purposes specified. The trustees did apply for an act of incorporation, which was granted, declaring such trustees and their successors a corporation, capable in law of holding and disposing of the estate devised, according to the intention of the will, and declaring the same to be vested in them and their successors in office, for the purposes expressed in the will. It was held, rejecting the mode first pointed out for carrying the intention of the testator into effect, that the devise was valid as an executory devise to a corporation *to be created* by the legislature, to be composed of the several officers designated in the will as trustees to take the estate and

execute the trust. (*Id. pp.* 114, 115.) " It is," says Justice Thompson, " a devise to take effect upon condition that the legislature shall pass a law incorporating the trustees named in the will." " Every executory devise is upon some condition or contingency, and takes effect only upon the happening of such contingency; as in the case put, of a devise to a feme sole *upon her marriage*, the devise depends upon the condition of her afterwards marrying."

Would the devise in the present case to the defendant have been regarded, at common law, as an executory devise? I think not. I think it would be classed as a contingent remainder, which is defined by Mr. Fearne (*Contingent Remainders*, 4,) to be a remainder limited so as to depend on an event or condition which may never happen or be performed, or which may not happen or be performed till after the determination of the preceding estate. He divides them into four sorts; 1st. When the remainder depends entirely on a contingent determination of the preceding estate. It is not necessary to notice the second and third. The 4th is when the person to whom the remainder is limited is not yet ascertained, or not yet in being. (1 *Powell on Dev.* 206.) The case we are considering comes clearly within this definition. The remainder was to depend entirely upon the contingent determination of the preceding estate of Edward B. Coe. It is not a case where the person to whom the remainder was limited, was not ascertained or not in being. The devisee was known; it was in being. It was a corporation, but without capacity to take real estate by devise.

" An executory devise is a limitation by will of a future estate or interest in land, which cannot, consistently with the rules of law, take effect as a remainder; for nothing has been better settled than this, (and indeed it has been remarked as a rule without exception,) that where a devise is capable, according to the state of the object at the death of the testator, of taking effect as a remainder, it shall not be construed to be an executory devise." (2 *Powell on Dev.* 237.) The author

in this place adds, that a remainder may be described to be a limitation immediately expectant on the natural determination of a particular estate of freehold limited by the same instrument. A devise to the children of A., who has no child at the death of the testator, or to the heirs of the body of B., a person then living, is executory. Here A., having no children when the testator died, and as there could be no heirs of B. while he was living, the objects of the testator's bounty did not exist at the time of his death. A devise is executory when made to a person, whether in being or not, to take effect at a given period after the death of the testator, or at the *death of a stranger.* (*Id.* 238, *and cases cited.*) If, however, it is to take effect upon the death of the person having the immediate precedent estate, it will not be an executory devise, but a remainder.

In the case we are considering, no future time, after the death of the testator, was mentioned, when the estate should commence; nor was it made to commence at the death of a *stranger;* nor was it postponed to a day beyond the death of Edward. On the contrary, it was to commence upon the death of Edward, (in whom the estate was to vest after the termination of Mrs. Coe's life estate,) without issue then living. In my opinion, at common law, such an estate would be a contingent remainder.

The testator did not contemplate that the Theological Seminary should do any thing after his death, or that any thing should happen to enable it to take real estate by devise. He probably supposed it had the capacity to take, and he made no provision for a contingency of incapacity, as in the case in 3 *Peters,* (*supra.*) Thus a devise to the first son of A. *when he shall have one,* is a good future executory devise. (1 *Salk.* 226, 229.) In *Bate* v. *Norton,* (*T. Raym.* 82,) the devise was to one of a class of daughters, who should marry with a Norton, within fifteen years. In *Gore* v. *Gore,* (2 *P. Wms.* 28, 63; *Cruise, Devise, ch.* 18, § 14,) the devise was to the children of a person having no children at the death of the testator.

In *Porter's case,* (1 *Coke's Rep.* 24,) the devise was, in effect, to a *future* corporation, and it could not take effect without the creation of such corporation after the death of the testator. See the remarks upon this case, (3 *Peters,* 115, 116,) and also the remarks upon the case of the *Baptist Association* v. *Hart's Ex'rs,* (4 *Wheat.* 1,) showing the distinction between it and the case in Peters, which latter, as I have already stated, was upheld as an executory devise to a corporation *to be created by the legislature,* upon the application of the trustees, as directed by the testator, in his will.

In my opinion the estate attempted to be created in the seminary was a contingent remainder, and would have been such at common law. I am also of the opinion that all the contingencies upon which an estate, created by will, is to depend, must be contained in the will, and that we cannot change the estate by incorporating any other contingency or condition. Indeed the statute, after declaring how a future contingent estate may be created, that is, whilst the person to whom, or the event upon which the estate is limited to take effect, remains uncertain, declares all expectant estates not enumerated and defined, abolished. The testator did not contemplate that any additional capacity should be conferred upon the devisee to enable it to take this remainder. If these views are correct, it follows that the devise was void, as the devisee had no power to take at the time the testator died.

I have referred to our statute relating to wills of real property, in which it is declared that no devise of real estate to a corporation shall be valid unless such corporation be expressly authorized by its charter, or by statute, to take by devise. (2 *R. S.* 57, § 3.) It is not claimed that the devise is valid unless the corporation had capacity to take by devise at the time the testator died; or unless the devise was executory, so that the power necessary might be conferred upon the corporation before the happening of the contingency upon which the estate was to depend. As has been already said, the will contains no contingency touching any future power to be con-

ferred upon the corporation, so as to bring it within the principle upon which the case in 3 *Peters* was decided. And I may be permitted to express serious doubts whether a devise upon such a contingency would be valid, in the face of our statute of wills. I shall not discuss the question.

The judgment should be modified, so as to declare that "The Trustees of the Theological Seminary of Auburn in the State of New York" have no title or interest in the real estate sought to be partitioned, and that the plaintiff, Mellicent A. Leslie, is seised in fee, as the heir of Edward B. Coe, her brother, of the said one-sixth, the one half of the undivided third devised to Edward.

[ERIE GENERAL TERM, May 14, 1860. *Marvin, Davis* and *Grover,* Justices.]