# FREEBORN *v.* WAGNER.

December, 1868.

Affirming 49 *Barb.* 43.

A tastator devised all his estate, real and personal, to his wife and daughter, in equal shares, and giving each a power of testamentary disposition, unaffected by any trust or limitation; but imposed the restriction that, in case either died intestate and without issue, whatever might remain of the property was devised to the survivor.

*Held,* That a joint conveyance by the devisees of land so devised, with a covenant of warranty, passed all the title of the grantors, either vested or contingent; that such title was good, and the purchaser was bound to accept it; and no execution of the power of testamentary disposition, made after the conveyance, could have effect on the estate conveyed.

Eliza C. L. Freeborn (formerly Eliza C. Outwater) and Sarah A. Vedder (formerly Sarah Augusta Outwater) brought this action, in the supreme court, against John W. Wagner, to compel specific performance of defendant's agreement to purchase from the plaintiffs land and buildings in Tivoli, N. Y.

The parties, by stipulation, admitted the making of a contract, by the plaintiffs, as devisees of James Outwater, deceased, by which the plaintiffs had agreed to give defendant "a proper deed of conveyance, duly acknowledged, for the conveying and assuring to him the fee simple of said premises, free from all incumbrances," on receiving a certain payment; and he agreed to purchase accordingly, and to give a purchase money mortgage for the residue of the price. They also admitted that Outwater, the plaintiffs' devisor, died seized of the premises in fee, free of all incumbrance.

The only question raised, was whether the devise to the plaintiffs enabled them to convey the fee.

The language of the will was as follows:

"*First.* I give, devise and bequeath all my real and personal property and estate, of every nature and kind, to my dearly beloved wife, Eliza C. Outwater, and to my beloved daughter, Sarah Augusta Outwater, each the equal one-half part thereof;

share and share alike; subject only to the restrictions and provisions in the second item of this, my will, stated and contained." [Here followed a declaration that this provision for the wife was to be in lieu of dower.]

"*Second.* My wife, at any time after my decease, may make such testamentary disposition of my property and estate hereinbefore given to her as shall seem to her to ·be just and proper; but in case of her death, intestate and without issue, then she shall be deemed to have held the same in trust, for and during her life only, and not absolutely or in fee; in which case, I give, devise and bequeath, whatever may remain of the same property and estate, to my daughter, Sarah Augusta; and in case of the death of my said daughter without issue and intestate, she shall be deemed to have held the property and estate hereinbefore given to her in trust, for and during her life only, and not in fee or absolutely; in which case, I give, devise and bequeath whatever may then remain of the same property and estate to my wife."

The third and last clause appointed the devisees executrices.

The will was made in 1860, and the testator died in August, 1862. The plaintiffs joined in a warrantee deed, which they duly tendered to defendant, and he refused to receive.

*The supreme court,* at general term (on appeal from a judgment in plaintiffs' favor, given at special term), held, in an opinion by GILBERT, J., that, as both devisees had united in a conveyance with warranty, this would divest all their· estate vested or contingent, and the warranty would estop them from asserting any title in contravention of the estate. That the will manifested an intent to give an absolute power of disposition to each devisee in her lifetime; because the limitation over embraced only such part, of the property as should remain undisposed of at the death of the devisee first dying. Under 1 *R. S.* 732, §§ 83, 84, this power of disposition was equivalent to actual ownership. 4 *Kent's Com.* 319 ; Jackson v. Edwards, 7 *Paige,* 401. And that, even if the estate of each plaintiff were regarded as a base or determinable fee, still the whole of the testator's interest was vested in the devisees, and would pass to the defendant by their conveyance. 1 *R. S.* 727, §§ 2,

7, 8, 9, 13, 35; Lawrence *v.* Bayard, 7 *Paige,* 76. Hence the estate could not be defeated by an execution of the power of testamentary disposition.

Defendant appealed.

*John Gaul, Jr.,* and *Samuel Hand,* for defendant, appellant,—Insisted that the manifest intent of testator was to give, not an absolute power of disposition during life, but only an ample and untrammeled use. That the second clause was not void for repugnance to the first. Citing Norris *v.* Beyea, 13 *N. Y.* (3 *Kern.*) 771; Sweet *v.* Chase, 2 *N. Y.* (2 *Comst.*) 73; Guernsey *v.* Guernsey, 36 *N. Y.* 267; *Jarm. on Wills,* 416; 4 *Kent,* 268; 6 *Cruise Dig.* tit. 38, c. 17, § 2; *Bac. Abr.* tit. Devise, 1; 1 *Fearne Cont.* R. 399; Trustees of Auburn Sem. *v.* Kellogg, 16 *N. Y.* 83; and distinguishing Helmer *v.* Shoemaker, 22 *Wend.* 137. That the interest of each in the share of the other was a naked possibility, which could not be conveyed except by way release. *Shep. Touch.* 322; Jackson *v.* Waldron, 13 *Wend.* 248; Edwards *v.* Varick, 5 *Den.* 664; Pelletreau *v.* Jackson, 11 *Wend.* 110; Varick *v.* Edwards, 1 *Hoffm. Ch.* 382; 11 *Paige,* 289; and distinguishing Miller *v.* Emans, 19 *N. Y.* 384. That the statute as to powers did not apply. McDonough *v.* Laughlin, 20 *Barb.* 238; Jackson *v.* Edwards, 22 *Wend.* 509; Seymour *v.* De Lancey, 1 *Hopk.* 436; Morris *v.* Mowatt, 2 *Paige,* 586; Waldron *v.* Gianini, 6 *Hill,* 605. That an exercise of the power to devise would therefore defeat the conveyance. 2 *Story's Eq.* § 1393.

*J. W. Elseffer,* for plaintiffs, respondents,—Relied on Helmer *v.* Shoemaker, 22 *Wend.* 137; 1 *R. S.* 748, §§ 1, 2; Waldron *v.* Gianini, 6 *Hill,* 601; Nicoll *v.* N. Y. & Erie R. R. Co., 12 *N. Y.* (2 *Kern.*) 133; 7 *Paige,* 76, 399; 31 *Barb.* 562; 1 *R. S.* 725, § 35, 733, §§ 77–84; Guernsey *v.* Guernsey, 36 *N. Y.* 267; 1 *Edw. Ch.* 178; Talmadge *v.* Jill, 21 *Barb.* 34; *Lalor's Real P.* 208.

MASON, J.—The rule in equity requires the vendor, when he seeks a specific performance against the purchaser, to be able to make a clear title, for courts of equity will not compel a purchaser to take a doubtful title.

12

If, therefore, the plaintiff's title, which they offered the defendant, is doubtful, the judgment of the supreme court ought not to have compelled the defendant to take it, and the judgment must be reversed. This question of title depends upon the construction to be put upon this devise to the plaintiffs, in the will of James Outwater, above stated.

[The learned judge, after intimating that on the authority of Helmer v. Shoemaker, 22 Wend. 137, the first clause might perhaps be construed as vesting an absolute fee, continued as follows.]

This construction is expressed with great doubt, and I need not regard it as very important whether this view be sustained or not, for, during the lifetime of both these devisees, each of them holds the fee of one-half of this real estate, with the expectancy of a future estate in fee, in the other's half. These limitations of the expectant estates being limited to the two devisees, and the survivorship necessarily giving to the one or other the whole estate, and as expectant estates are transferable under our statutes the same as any other estate, it follows that the deed of the two devisees must convey all their right, title and interest, present and expectant; and consequently, a good title was offered to the defendant, in the full covenant deed of the plaintiffs. This must be so, if these devisees simply took a life estate with a general and beneficial power to devise the inheritance; for in such a case the tenant for life possesses an absolute power of disposition under our statute. 1 R. S. 733, §§ 81, 82, 83, 84. And, as regards a purchaser, his estate shall be deemed turned into a fee, and his conveyance, to pass a good title to the purchaser. 1 R. S. 725, § 35; 723, §§ 9, 10, 12; Nicoll v. N. Y. & Erie R. R. Co. 12 N. Y. (2 Kern.) 121, 133; Lawrence v. Bayard, 7 Paige, 70, 76; Leslie v. Marshall, 31 Barb. 560, 564.

The judgment must be affirmed.

WOODRUFF, J.—Expressed his views as follows: I cannot yield my assent to the argument that (apart from the legal effect of the power of testamentary disposition), each devisee was invested with the power to dispose of the entire fee in her lifetime, in her share devised for her benefit. That view of the

Freeborn *v.* Wagner.

subject is sought to be inferred from the will "because the limitation over embraced only such part of the property as shall remain undisposed of at the death of the devisee who shall first die." This is a partial and disjointed presentation of the terms of the will, and is made the ground of inference that a power to dispose of the estate in the lifetime of the devisee was intended by the testator. That is to say, a gift or limitation over of "whatever may then remain of the same property and estate" implies that the first taker may dispose of a part, or even the whole of it.

This lays entirely out of view the preceding language, which in my judgment entirely forbids such implication. First, the testator gives all his estate to his wife and daughter, each the one-half thereof, share and share alike. If he had stopped here, our statute, which renders the use of the habendum to heirs, etc., unnecessary to the creation of a fee by devise, would operate, and the devisees would have taken real estate in fee simple. But that statute does not operate where the intent to pass a less estate or interest appears by express terms, or is necessarily implied in the terms of the grant. 1 *R. S.* 748. Having used words which at the common law are apt to create a life estate only, but which under the statute might create a fee, the testator proceeds to limit or restrain the operation of these terms, by declaring the devisee to be "subject only to the restrictions and provisions in the second item" of his "will stated and contained."

That item declares that his wife may make such testamentary disposition of the property so given to her as shall seem to be just and proper; but, in case of her death, intestate and without issue, "then she shall be deemed to have held the same *in trust* for and during her life only, and not absolutely or in fee."

No words could more distinctly satisfy the statute, or show more clearly that in the event of her dying intestate without issue, the interest devised by the first clause of the will should be only a life estate.

Doubtless, the term "*in trust*" has no legal significance There was no trust except for herself, and the conveyance to

A. in trust for himself for life, would certainly give him no greater interest than a life estate.

This express language is even more pointed and precise as to the share of his daughter: In case of her death intestate and without issue, " she shall be deemed to have held *the property and estate* hereinbefore given to her in trust, for and during *her life* only, and *not in fee* absolutely."

This very clear and distinct language is not noticed in the opinion below. It relates to the whole estate and property given by the first clause in the will, and in the event contemplated, declares that it shall be deemed a life estate only.

Now it matters not, that the question whether the will devised a fee or only a life estate could not be determined during the life of the first taker—the condition is just as definite and precise as if any other condition or contingency had been mentioned; *e. g.*, suppose the second item had read, " If A. B. shall return from Rome during the life of my said daughter, then she shall be deemed to have held the property and estate given to her herein, for and during her life only, and not in fee or absolutely." A clear intent, that, in the event contemplated, the daughter should take a life estate only, is thus in terms expressed, and, the testator adds, " in which case I give, devise and bequeath whatever may then remain of the same property and estate, to my wife." This is supposed to imply power of disposition in the life tenant.

1. Such an implication nullifies the declared intent that she shall take " for and during her life only, and not in fee or absolutely "—and it is made the very ground for holding that she did take a fee.

2. This clause is paraphrase of the term " remainder to my wife," a legal phrase entirely understood, and importing that the whole fee, after the expiration of the particular estate, is to go over.

It is not " whatever may remain undisposed of by my said daughter," or equivalent words, which might involve some probability that the testator supposed he had given her such an interest or power that she might dispose of some part of the property—but it is whatever may remain of the same property and estate—*i. e.*, the remainder therein not above disposed of.

Freeborn *v.* Wagner. ·

3. The possible inference from that language is not sufficient to overcome the distinct and positive declaration, that she shall be deemed to have held the property for and during her life only.

I feel, therefore, constrained to reject the construction which would infer, from the terms of the will above referred to (irrespective of the power of testamentary disposition), the creation of a life estate with an absolute power of disposition by the life tenant, in his lifetime, which, even before the statute, was deemed equivalent to a fee, and which would, of course, make the title of a purchaser absolute.

Such a construction would enable either of the life tenants to convey her own share absolutely, and as effectually without as with, the consent of the other or the contingent remainderman, and is, I think, at war with the plainly expressed intention of the testator.

But it does not necessarily follow from these views, that the plaintiffs cannot convey, and did not tender to the defendant a good title, or at all events a title which neither the plaintiffs, nor their heirs-at-law, nor the heirs-at-law of the testator could afterward impeach.

This, in my judgment, depends upon other considerations than those above adverted to.

1. It should be remembered that the deed of the plaintiffs, which was offered, containing full covenants and warranty of title, will not only invest the defendant with all the estate and interest which is vested in the plaintiffs, or which they can convey, but by estoppel will bar the plaintiffs, and all who shall claim through them as heirs-at-law, from asserting any title to the premises.

2. If the devisee of either half of the premises shall die leaving issue, then the second item of the will has no operation as a qualification of the first clause, and of course the devisee will be deemed to have taken a fee, and her conveyance in fee will have full operation. The devise would not operate as an estate for life in the first taker, with a limitation over to such issue, as purchasers, by force of the devise. But rather the event upon which the estate was to be deemed a life estate

only, not happening, the first clause of the will would be left to operate as a devise in fee.

3. If the first taker dies .without issue, then the estate would go over to the other devisee (unless the provision in regard to the power of testamentary disposition, prevents). Under our Revised Statutes (1 *R. S.* 722, art. 1, title 2, ch. 1) such other devisee takes under the will, not a mere possibility, but an expectant future estate, depending on the contingency of the death of the other without issue, intestate.

The term, " without issue," in the will, does not mean an indefinite failure of issue, but on well settled principles, as well as by our statute, a failure of issue living at the death of the first taker. The event upon which the remainder would vest in possession is uncertain, it may never happen—but if it should happen at any moment, the other devisee would take *eo instanti,* and the remainder would vest in possession.

Such a remainder passes by her deed (1 *R. S.* 725, § 35), and in this view, therefore, by uniting with the first taker in the deed tendered, she and her heirs are forever concluded.

4. What is the effect of the power of testamentary disposition contained in the will? and does the conveyance by the deed tendered, prevent its exercise, or defeat any disposition made by the donee of the power?

If the existence of the power operates by force of our statute to make the estate of the devisee herself, a fee, as is argued, then, of course, her conveyance invests the grantee with a fee, and no subsequent act of the grantor can defeat it.

By section 84 of 1 *R. S.* title " Of Powers " (p. 733), where a general and beneficial power to devise the inheritance shall be given to a tenant for life . . such tenant shall be deemed to possess an absolute power of disposition, within the meaning and subject to the provisions of the three last preceding sections.

This power is both general and beneficial.

It is, therefore, an absolute power of disposition within section 81, which says that where such power of disposition is given to the owner of a particular estate for life, or years, such estate shall be changed into a fee, absolute in respect to the rights of creditors and purchasers, but subject to any future es-

Freeborn *v.* Wagner.

tates limited thereon in case the power should not be executed, or the lands should not be sold for the satisfaction of debts.

Here the power is given to the owner of a particular estate for life, and there was a remainder limited upon the estate for life in a certain specified contingency. If no sale was made, and either devisee died without issue, and without executing the power, the remainder was limited to the other.

What is the import of this last named section? Does it mean to declare that in respect to creditors and purchasers the estate shall be changed into an absolute fee, and therefore if levied on by creditors, or conveyed to any purchaser, they shall take an absolute fee? or does it mean, that, though deemed an absolute fee as to creditors and purchasers, it shall nevertheless remain subject to be divested by the limitation over, in case the power to devise shall not be executed, or the land be not sold for debts?

If the former, then a conveyance extinguishes the power as respects the rights of a purchaser, and destroys the limitation.

If the latter, it would operate simply and only as a conveyance of the life estate, because the estate would still be subject to the execution of the power to devise, and the limitation, even in default thereof, would still take effect. This makes the statute work no change, except in case the property should be taken for debts.

It means, that, although the power is, by the will, a power to devise only, it shall be construed to be an absolute power of disposition, and the estate shall be deemed an absolute fee as to purchasers and creditors, and a purchaser will therefore take title.

But if the power (*i. e.*, the absolute power of disposition), be not executed, and the land be not sold for the satisfaction of debts, it shall remain subject to the limitation over which may then take effect.

The two following sections are, I think, in harmony with this view. If I am correct in this, the defendant will obtain, by the deed tendered, a safe and secure title.

The judgment should be affirmed.

A majority of the judges concurred.

Judgment affirmed with costs.