DANIEL B. WILDER, Plaintiff, *v.* NELLIE KRESS et al., Defendants.

Supreme Court, Monroe Equity Term, March, 1922.*

Partition — deeds — condition subsequent — conveyance of remainder to heirs of grantee contingent upon execution of will by grantor — failure to make will — practical construction — testamentary disposition carried out by deeds.

Where a deed sufficient on its face to convey an absolute fee contains two clauses, one relating to a reservation of certain rents and the other to the estate of the grantee in the property conveyed, and in both clauses reference is made to the conditions of a will, the grantor thus reserves to himself the right to cut down the fee conveyed and to determine how the remainder should be disposed of. Such provision is a condition subsequent to the estate previously granted and conveys to the heirs of the grantee a remainder contingent upon the execution of a will by the grantor, and upon his failure to make one his grantee becomes vested with the fee.

About a year and a half after plaintiff's grandfather had by such a deed conveyed a farm to her father he conveyed it to another, who in turn conveyed it to her mother, and both her father and mother conveyed the farm back to the grandfather, who was also the owner of another farm, without any terms of limitation. Later the grandfather conveyed the first farm to another son without restrictions or conditions, who in turn conveyed it to plaintiff's brother. The other farm was conveyed to plaintiff's father with the restriction that it should not be disposed of by him but should go to his heirs, and in the deed thereof to him there was no reservation of a power or a conditional limitation with respect to the remainder.

In an action for partition of the first farm no will was produced upon the trial and the evidence was not sufficient to justify a conclusion that any valid will of the grandfather was in existence at the time of the execution of the original deed of the farm to plaintiff's father. Upon dismissing the complaint, *held*, that in the later conveyances there was plain proof that plaintiff's grandfather, as a testamentary disposition, was distributing his real estate to his two sons.

The conveyance of the farm back to the grandfather was a practical construction of the original deed of the same property to plaintiff's father, which with the conveyances subsequently made by the grandfather was entitled to great weight.

Upon the facts it was clear that the intention of the grantor in the original deed of the first farm was to reserve to himself the right to cut down the fee, and not having exercised such right the conveyance vested the fee in plaintiff's father, of which he had divested himself by deed.

ACTION for partition.

---

* Received too late for insertion in proper place.— [REPR.

*Herbert L. Bentley,* for plaintiff.

*Stull Brothers,* for defendants Cora Wilder et al.

*Hampton H. Halsey,* for Loretta B. Williams, as executrix.

*Irwin E. Shutt,* as special guardian of Fay Ashton Wilder.

RODENBECK, J.   The conveyance made January 5, 1872, by Alanson Wilder, grandfather of the plaintiff, to Joel Wilder, the plaintiff's father, of the 108-acre farm did not convey to him an absolute life estate with a remainder over to his heirs.   The deed is in form an ordinary warranty deed and were it not for a certain clause contained in it would on its face convey an absolute fee.   It did not in express terms convey to Joel Wilder a life estate in the property and a remainder over to his children.   It contains certain language from which this deduction is sought to be drawn by the plaintiff.   This language, however, does not cut down the fee granted by the conveyance to a definite life estate and a remainder over.   It contains a reservation which the grantor called a condition of certain rents which are not involved here and then provides that the property " is not to be disposed of in any manner but is to go to the said Joel Wilder's heirs according to the conditions of a will above mentioned."   In both of the clauses, the one relating to the reservation of rent and that relating to the interest of the grantee, a reference is made to the conditions of a will.   It is impossible to say definitely from the language of the conveyance that such a will was in existence at the time that the conveyance was made.   The language is open to the construction that the so-called conditions were to be prescribed in a will thereafter to be made.   However that may be, the provision relating to the reservation of rent and that relating to the interest of the grantee were to be prescribed in a will.   This was a condition subsequent to the estate previously granted and conveyed to the heirs of Joel Wilder a remainder contingent upon the execution of a will.   Real Prop. Law, §§ 40, 53; 21 C. J. 930, 931; Devlin Real Estate (3d ed.), §§ 971, 972a.   The grantor had reserved to himself the right to prescribe the estate that was to go to the grantee and to his heirs.   He nowhere says that Joel Wilder was to have a life estate except as that is inferred from the language that the property " is not to be disposed of in any manner " and he nowhere defines in the deed what heirs of Joel Wilder shall succeed to the title or what interest they were to receive.   The whole matter is left open to be prescribed by the will.   The grantor thus reserved to himself the right to cut down the fee granted to Joel Wilder and to determine how the remainder should be disposed of.   There was a

contingency, therefore, upon which the fee might be cut down which was the making of a will by the grantor. No will has been produced and the evidence in the case is not sufficient to justify a conclusion that any valid will was in existence at the time that the deed was made. Even if a will were in existence at the time of the delivery of the deed, the right to revoke it and make a new will, not contrary to the terms of the deed, still existed. *Farmers' Loan & Trust Co.* v. *Mortimer,* 219 N. Y. 290; Devlin Real Estate (3d ed.), § 855a. Upon the failure, however, to make a will or upon the failure of the plaintiff to show that a will had been made or in other words the failure to exercise the right reserved in the deed, the conveyance vested a fee. *Allen* v. *DeWitt,* 3 N. Y. 276; *Towler* v. *Towler,* 142 id. 371; *Hume* v. *Randall,* 141 id. 499; *Freeborn* v. *Wagner,* 2 Abb. Ct. App. Dec. 175. Under the language of the deed it is not sufficient to show that a will had been discussed or even what its contents were in general terms. The plaintiff was required to show that there was a will in existence or that a will was subsequently made which was capable of being probated. Otherwise it would not be a will under the statutes of the state. Under this construction the failure of the grantor to make the will referred to in the conveyance vested in Joel Wilder a fee to the estate. The language also indicates that the conveyance was made to carry out a scheme of testamentary disposition which was to be consummated by the making of a will. This construction is borne out by the subsequent transfers of this farm and another farm of 160 acres owned by the plaintiff's grandfather. The 108-acre farm, contrary to the language of the deed that it was " not to be disposed of in any manner," was conveyed by plaintiff's father to another and by the latter to plaintiff's mother November 25, 1873. The plaintiff's father and mother a little over a year thereafter conveyed the farm back to the grandfather, the original grantor, without any terms of limitation, thus apparently recognizing that they were at liberty to convey the fee. This is a practical construction of the original deed which with the subsequent conveyances is entitled to a great deal of weight. By this deed plaintiff's grandfather, Alanson Wilder, was repossessed of the farm of 108 acres and also owned another farm of 160 acres. Thereupon he deeded the 108 acres to his son Willard without restrictions or conditions and the 160-acre farm was conveyed to plaintiff's father, Joel Wilder, with the restriction that the property should not be disposed of by him but that it should go to his heirs upon his death. In this conveyance there was no reservation of a power or a conditional limitation with respect to the remainder. In these two deeds there is the plainest sort

of proof that the plaintiff's grandfather as a testamentary disposition was distributing his real estate to his two sons. The 108-acre farm was conveyed back to the grandfather in about a year and a half and about two years thereafter reconveyed to Willard who a year later deeded it to his nephew Sargent, a brother of the plaintiff in this action, who gave back a purchase-money mortgage of $1,742.65. Sargent Wilder having died, his estate is represented as a defendant in this action. Under these facts and circumstances it seems clear that the intention of the grantor in the original deed was to reserve to himself the right to cut down the fee and not having exercised this right, the conveyance vested a fee in plaintiff's father of which by a subsequent conveyance he had divested himself. Whether the attempt to cut down the conveyance be treated as void for uncertainty, no will having been made, or as a testamentary intention to dispose of the property or as ineffectual by reason of the failure to exercise the right to define the limitation of the fee by will, the same conclusion follows since the plaintiff's father had divested himself of his interest and accepted another farm in its place. The complaint is dismissed, with costs.

Judgment accordingly.