ELIZA C. L. FREEBORN and SARAH A. VEDDER *vs.* JOHN W. WAGNER.

A testator devised to his wife and daughter, each, the equal one half part of his estate, real and personal, share and share alike, subject to these restrictions, viz. that each of the devisees was vested with a power of testamentary disposition, unaffected by any trust or limitation; but in case of the death, *intestate* and *without issue,* of either devisee, whatever might remain of the said property, was devised to the survivor. *Held* that each devisee might, during her lifetime, dispose of the entire fee of the estate devised to her, for her own benefit; and that the devisees having united in a conveyance to a purchaser, of the premises, with covenant of warranty, such conveyance passed all the title of the grantors, either vested or contingent; that such title was good, and the purchaser in equity was bound to accept it.

*Held, also,* that any execution of the power of testamentary disposition, made after the execution of the said conveyance could have no manner of effect upon the estate thereby conveyed.

It is a mistrial for the judge at the circuit to direct judgment to be entered for the plaintiff subject to the opinion of the court at general term; and the case will be sent back, unless the parties consent to a modification of the decision.

ON the 19th day of January, 1860, James Outwater made in due form of law his last will and testament, which has been duly admitted to probate by the surrogate of the county of Dutchess, as a will relating to both real and personal property.

By the "*First*" clause of this will, the testator provides as follows: "I give, devise and bequeath all my real and personal property and estate of every nature and kind, to

my dearly beloved wife Eliza C. Outwater, (now the plaintiff Freeborn) and to my beloved daughter Sarah Augusta Outwater, (now the plaintiff Vedder) each the equal one half part thereof, share and share alike. *Subject* to the restrictions and provisions in the second item of this my will stated and contained."  ❋  ❋  ❋

"*Second.* My wife at any time after my decease may make such testamentary disposition of the property and estate hereinbefore given to her, as shall seem to her to be just and proper ; but in case of her death intestate and without issue, then she shall be deemed to have held the same in trust *for and during her life only,* and *not absolutely or in fee,* in which case I give, devise and bequeath whatever may remain of the same property and estate to my daughter Sarah Augusta, and in case of the death of my said daughter without issue and intestate she shall be deemed to have held the property and estate hereinbefore given to her in trust *for and during her life only and not in fee or absolutely ;* in which case I give, devise and bequeath whatever may then remain of the same property and estate to my wife."

On the 18th day of September, 1865, the plaintiffs entered into an agreement in writing, whereby they agreed to convey to the defendant (who resided in the county of Columbia at a distance from the premises in question and who was ignorant of the plaintiffs' title and supposed it to be perfect,) for the sum of $11,000, a certain hotel, a part of the real property of the testator, by a deed which should convey to him the fee simple of said premises free from all incumbrance, which deed they agreed should contain a general warranty and the usual full covenants. On the 1st day of May, 1866, the plaintiffs tendered to the defendant a deed of the premises mentioned in the contract, which the defendant refused to receive, upon the ground that the plaintiffs were not seised of, and could not convey to him, the estate called for by the contract.

Freeborn *v.* Wagner.

This action was brought to compel a specific performance by the defendant of the contract above referred to. The defendant claimed that the plaintiffs were not seised of a fee simple absolute in the said premises, and could not by the deed tendered convey to him such an estate therein.

On the trial at the circuit, before Justice BARNARD, the following were admitted to be the facts in this case :

1. That the plaintiffs and defendant entered into the contract set forth in the complaint.

2. That James Outwater, deceased, was, in his lifetime and at the time of his death, seised in fee of the premises described in said contract, free of all incumbrances.

3. That at the time of his death, on the 8th day of August, 1862, he left a last will and testament, of which that set forth in the complaint is a copy, which was duly proved and recorded as a will of real and personal estate.

4. That the plaintiff, Eliza C. L. Freeborn, is the widow, and the plaintiff, Sarah A. Vedder, is the only child and sole heir at law of said James Outwater, deceased, and they are the devisees named in the will, and that at the time of his death, his father, Peter Outwater, and brothers, sisters, nephews and nieces of said James were living, and all of them still survive except one brother.

5. That on the 1st of April, 1866, the premises were vacated by George Shoemaker, the tenant, the same being a hotel. That the defendant was duly notified thereof by the plaintiffs by mail on the 2d of April, 1866, the defendant at that time living at Livingston, Columbia county, N. Y., and the plaintiffs at Tivoli, N. Y. That on the 1st of May, 1866, at the place in said agreement or contract stated, the plaintiffs tendered to the defendant the deed referred to in the complaint, the premises being then free of incumbrances, and demanded the purchase money, mortgage and insurance according to the provisions of the contract, which the defendant refused to perform, on the ground that the plaintiffs

were not seised of and could not convey to the defendant the estate called for by the contract.

Upon the foregoing facts the judge found as conclusions of law :

1st. That, by the deed tendered, an absolute estate in fee simple, free of all incumbrances, would have been transferred to the defendant.

2d. That the defendant should have received said deed and paid the purchase money according to the terms of the contract. And he directed judgment for the plaintiffs, with costs, subject to the opinion of the general term ; and these conclusions of law were found subject to such opinion.

*John Thompson*, for the plaintiffs. I. It was clearly the intention of the testator, to give all his property to his wife and daughter, each the one half part of the estate. It gives each the fee of one half, to descend to the issue of each, if there should be issue subsequently, and subject to testamentary appointment by each, of their respective parts or shares, if they, or either of them, might choose to make any testamentary disposition thereof. The legal meaning of the devise, with these badges indicating the intention to vest the fee of one half in each, cannot be mistaken; so that independent of the statute, (1 *R. S.* 748, § 1,) it must be held that the devise means, *" to the devisees named and their heirs,"* and this legal meaning is not changed or controlled by any expression whatever in the will, indicating any intention that the inheritance should be thereafter claimed by the testator's heirs. The intention of the testator, and the terms of the statute, unite to pass *the fee to the devisees and their heirs.* (1 *R. S.* 749, § 4.) This intention is to be carried into effect. (1 *R. S.* 748, § 2.) It is equally plain that the expectant estate which the one may have in the share of the other, in case of death, intestate, and without issue, relates only to " whatever may remain of the same property and estate," or, as stated in the last line, " whatever may *then*

Freeborn *v.* Wagner.

remain of the same property and estate," clearly as to what was disposed of by them, and that which does not THEN remain of the same property and ESTATE, that is, when the devisees, or either of them, come to die, is subject to no restriction whatever; and by the terms of the first clause of the will, the absolute devise *is subject only* to the provision in relation "to whatever may then remain." In order that no claim, through the testator, should be made by any person, or persons, other than those named in the will, he created a survivorship *as to what remained* of the same property and estate, if either devisee died without issue or appointment, thus implying the right and probability of alienation by one, or both, of a portion at least of the property; and this strengthens the position that the testator *intended* to limit the fee to these devisees. The second clause of the will contains no such clear qualification of the absolute devise in fee as to render that estate in whole, or in part, indisposable by the devisee; there is no counter-action of the legal import of the devising clause, but rather a confirmation of it at the utmost; the second clause applies only to so much as the devisees should not dispose of, and if this construction does not obtain, then the provisions referred to are repugnant to the first devise and void. (*Helmer* v. *Shoemaker,* 22 *Wend.* 137, 139.)

II. During the life of both the devisees, each one of them has the fee of one half the real estate devised, with the expectancy of a future estate or interest in the other half. This fee, whether absolute, *qualified, base or determinable,* (6 *Hill,* 701,) with the expectant estate of each in the one half held by the other combines all interests and possibilities, and these future expectant estates may be conveyed as well as the fee in possession. 1 Revised Statutes 674, section 35, authorizes the conveyance of expectant estates. (19 *N. Y. Rep.* 385. 12 *id.* 138. 31 *Barb.* 562. 7 *Paige,* 76.) All these interests and possibilities being covered by the full covenant warranty deed tendered to the purchaser, he would acquire a perfect

title by that deed. Should one of the devisees die *without issue,* which means issue living at her death, (1 *R. S.* 673,) *and intestate,* the other would become seised in fee of whatever of that one half might then remain of the same property and estate. But if this should be held as extending to that portion already disposed of, then this very expectant estate has been already conveyed by this warranty deed, and the survivor's own share or half part is no longer liable to be defeated, because the event which might have terminated her fee could then never happen. All fees, *whether absolute or determinable,* continue *to be descendible inheritances,* until they are discharged from the determinable quality annexed to them. The survivor's own share becomes indeterminable by the death of the other, and continues as a descendible inheritance, which has also passed by this same warranty deed to the purchaser. (4 *Kent's Com.* 9, 10. 2 *Black. Com.* 173. 6 *Hill,* 605.) There is not in this will any devise over to third persons on the death of the first taker ; no future estate to any third person is limited thereon. The object of the testater was to give the whole property to the survivor, in case of the decease of either without issue, and intestate. The decease, thus, of either, determined every contingency ; the object being affectuated, it becomes a fee simple absolute in the survivor. The survivor must necessarily hold the fee divested of a contingency which thereafter could never occur. (*See also* 1 *Edw. Ch.* 178 ; 1 *R. S.* 723.)

III. Independent of the considerations, already presented, the statute, in express terms, turns these respective estates into a fee in favor of creditors and purchasers. The Revised Statute, on powers, section 81, thus declares, where a particular estate for life or years is granted, with such power, section 82 extends it to a case where the person to whom the power is given has no particular estate. Section 84 declares that a general and beneficial power *to devise the inheritance,* given to a tenant for life or years, is an absolute power of disposition, within the meaning and subject to the provisions

of sections 81, 82 and 83. The power of disposition by will which these devisees possess, is a general beneficial power, as defined by sections 77 and 79. (7 *Paige*, 390, 400. *Lalor's Law of Real Property*, 208.)

*Gaul & Esselstyne*, for the defendant. I. It is manifest from the whole structure of the will, that the testator did not intend to give to his wife or daughter, during their lives, the absolute power of disposition of that portion of his property devised to them respectively. He did not intend to give to either a fee simple absolute, but only a determinable or qualified fee, with power of testamentary disposition. 1. He gives to his *wife* the power of testamentary disposition of the half devised to her. And says, *in terms*, " in case of her death, intestate, and without issue, then she shall be deemed to have held the same in trust *for and during her life only, and not absolutely or in fee.*" As to his daughter he says, "in case of the death of my said daughter, without issue and intestate, she shall be deemed to have held the property and estate hereinbefore given to her, in trust *for and during her life only, and not in fee or absolutely.*" How could the testator have more plainly expressed this intention ? It is impossible to misunderstand it. There is no room for construction, nor for raising any devise by implication. 2. The attempt made by the plaintiff to argue that the testator *intended* to devise an absolute fee to his wife and daughter, from the fact that he devises "*whatever may remain*" of his property and estate, in case of the death of either intestate and without issue, to the survivor, must signally fail. It is absurd to attempt to raise *an absolute fee by implication*, where the testator in *express words* says that upon a certain contingency his wife and daughter *shall not* take a fee absolutely, but only a life estate, in which case he gives what remains, i. e. *the remainder of the estate*, not *any amount of property undisposed of*, to the survivor. Or the use of this word

" *remain* " may have been intended to provide for the usual contingencies which attend the use of property. As to the *personal* estate, it was intended to provide for what was lost by unfortunate investment, or by misplaced confidence in or indulgence to creditors. And as to the *real* it was intended to have reference to its natural wear and decay, or to its diminution by fire or the elements. The testator intends to give to his devisees an ample and untrammelled *use* of his estate. Either of these constructions is consistent with the entire tenor of the will, whilst that contended for by the plaintiffs is utterly at variance therewith.

II. The conditions contained in the second clause of the will are not void for repugnance to the main devise contained in the first clause. They are not separate and independent provisions. The devise is not an absolute and unqualified devise of a fee in *one clause* of the will, and then an inconsistent and repugnant provision or devise in *another clause* of the will. It is a devise in express terms subject to the conditions contained in the second clause. Where the intention of the testator is so plain, and when the grammatical construction of the language employed, concurs ¸with this manifest intention, it cannot be necessary to enter into any argument to convince the court that this intention must be carried out. The case of *Helmer* v. *Shoemaker,* (22 *Wend.* 137,) cited by the plaintiffs, was totally unlike the case at bar. In that case the testator devised all his real and personal estate to a devisee and gave him the power of unqualified disposition of the property devised, and afterwards devised to another so much *of the avails* of the property given to the first devisee as might remain at the decease of the first taker. The court held that the first devisee having a fee, the last devise was repugnant thereto and void. Again, the court will perceive that in the will under investigation in the case above cited, (22 *Wend.* 137,) the devise in remainder is not of what remains of the *property* itself, but " of all the *avails* of the property that *might remain* " at the death of the tes-

tator's wife. Here there is by necessary implication a power of sale or of absolute disposition, as there can be no *avails* of property without a sale, and the devise being in terms of a fee absolute, and a right to sell the estate being also given, it was held by the court that the testator gave a fee to the first taker, and that the devise in remainder was therefore void.

But the Court of Appeals have settled this question, and held, that when after a devise or bequest "in language denoting an absolute gift of the whole estate in fee, there is in a subsequent part of the same will, a limitation over in the event of the first devisee dying under age and without issue, *the gifts are not repugnant to each other*, but the latter is a valid executory gift. In such cases the first legatee has only an usufructuary interest, while the continance of his estate remains contingent." (*Norris exr.* v. *Beyea et al.*, 3 *Kern.* 273, 283. *See also Sweet* v. *Chase*, 2 *Comst.* 73 ; *Jarman on Wills*, 416, *et seq.*; 4 *Kent's Com.* 268 ; 6 *Cruise's Digest, tit.* 38, *ch.* 17, § 2 ; *Bacon's Abr. Devise*, 1 ; 1 *Fearne, Cont. Rem.* 399 ; *Trustees Theological Sem. of Auburn* v. *Kellogg*, 16 *N. Y. Rep.* 83.)

III. The interest of Mrs. Freeborn and Mrs. Vedder, each, in the half of the other, is such that it cannot be transferred to the defendant by the deed tendered. It is a contingent interest, which can only vest in possession of either in case the other die without issue and without having exercised the power of testamentary disposition given by the testator. In fact, is a mere *naked possibility*. (*See Jackson* v. *Waldron*, 13 *Wend.* 188, *per Tracy, senator; see also Edwards* v. *Varick*, 5 *Denio*, 664; *Pelletreau* v. *Jackson*, 11 *Wend.* 110 ; *Varick* v. *Edwards*, 1 *Hoff. Ch.* 382; *S. C.* 11 *Paige*, 289.) This was the unbroken current of decisions until the case of *Miller* v. *Emans*, (19 *N. Y. Rep.* 384,) upon which the plaintiffs, in this action, claim that the contingent interest of each plaintiff in the share devised to the other is assignable, and would pass to the defendant by the deed tendered. But

this case is not in conflict with the decisions upon which the defendant relies to establish the converse of the above claim. A careful examination of the opinions of the several judges, will show a well defined difference between the cases. The court will perceive that solely for reasons of public policy, and without, in the slightest particular, affecting the principle of all the prior decisions upon which the defendant, in the case at bar, relies, and studiously avoiding any conflict therewith, the Court of Appeals, in *Miller* v. *Emans*, simply held " that any contingent right, however uncertain, might be released *to a party already seised of a present estate in the premises in possession,*" and the court held nothing more.

IV. The statutes cited in the plaintiff's 3d point, do not apply to this case. 1 There is no beneficial power conferred in the case at bar. (*McDonough* v. *Loughlin,* 20 *Barb.* 238.) 2. The statute was designed simply as a shield to protect purchasers in good faith, after they had by deed acquired rights in real estate thus situated, and not as a sword in the hands of vendors to compel purchasers to take a doubtful or merely equitable title. (*See* § 81, *above cited; Jackson* v. *Edwards,* 22 *Wend.* 509 ; *Seymour* v. *DeLancey,* 1 *Hopk.* 436.; *Morris* v. *Mowatt,* 2 *Paige,* 586.) 3. In any event, the estate was subject to any future estates limited thereon, and, therefore, could not be a fee simple absolute, which is the estate called for by the contract in suit. (*See* § 81, *above cited.*) 4. But this statute is not applicable to the case at bar, because no power to devise is given in the testator's will to a " tenant for years or for life." This is clear ; plaintiffs are neither " tenants for years nor for life." They have such a qualified or determinable fee in the one half of the testator's estate, with power of testamentary disposition. (*Waldron* v. *Gianini,* 6 *Hill,* 605, 606.) This, under the statute, creates no absolute fee. This doctrine of transmigration of estates is not to be extended by implication. It must be confined to the strict letter of the statute. No such change is to be

ciphered out by the astuteness of counsel, or the fictions of the law.

V. The power of testamentary disposition may be exercised by the testator's devisees, (the plaintiffs,) even although they had previously executed, and delivered to some person other than the devisee, under the power and conveyance of the real property, afterwards devised by them under the power, and the effect of its exercise would be to defeat any conveyance executed by them. (2 *Story's Eq. Jurisp.* § 1893.) This is clear, and will not be controverted, if we are right in the positions assumed by us in point 4. The devisees, under the power, would not be estopped or affected by any previous conveyance of the plaintiffs, or either of them. It is a power to devise, not the determinable fee given to each by the testator's will, but the fee simple absolute of the testator, James Outwater. The devisees, under the power, would not take *the estate devised to the plaintiffs* by the will under consideration, but *the estate of the testator himself.* Such estate would pass to the devisees under the power, not *from* the plaintiffs, but *through* them ; they being merely a conduit. It follows, then, as a necessary conclusion from the last proposition above stated, that the deed produced by the plaintiffs in this suit will not convey to the defendant a fee simple absolute, in the real estate therein mentioned, but simply an estate that may be defeated at the will of the plaintiffs, by the exercise of the power of testamentary disposition given them by the testator's will. The contrary of this proposition is not, and will not be, claimed by the plaintiffs. They rest their cause entirely upon the supposed effect of the statute last above cited, which, it is clear to us for reasons above stated, does not in the slightest degree affect or apply to the case at bar.

*By the Court,* GILBERT, J. It is against the rule of courts of equity, to compel a purchaser, on a bill for a specific performance, to take a doubtful title ; in other words, to buy a

law suit. We have, therefore, looked into the title, which these plaintiffs tendered to the defendant, with scrutiny ; and, upon full consideration, we are of the opinion that it is free from legal objection.

James Outwater devised to each of the plaintiffs, one equal half part of his estate, subject to these restrictions, namely, that each of the devisees is vested with a power of testamentary disposition, unaffected by any trust or limitation ; but in case of the death, *intestate,* and *without issue,* of either devisee, *whatever may remain* of the same property is devised to the survivor.

Both devisees have united in a conveyance to the defendant, with covenant of warranty. This, certainly, would pass all the title of the plaintiffs, either vested or contingent ; for the plaintiffs are " capable of holding lands," and may alien any estate or *interest* therein of which they are seised, or to which they are entitled. (1 *R. S.* 719, § 10. *Albany Ins. Co.* v. *Bay,* 4 *Comst.* 19. *Dickerman* v. *Abrahams,* 21 *Barb.* 551.) And by the statute, (1 *R. S.* 725, § 35,) expectant estates are alienable, in the same manner as estates in possession.

The covenant of warranty would operate as an estoppel, against the plaintiffs asserting any title, in contravention of their conveyance.

Can the title thus conveyed be defeated by an execution of the power of testamentary disposition contained in the will ? This power is general and beneficial, because it authorizes the alienation by will, to any alienee whatever, and no person, other than the grantee, has, by the terms of its creation, any interest in its execution. (1 *R. S.* 732, §§ 77, 79.)

The will also vests an absolute power of disposition, in each devisee, because the limitation over embraces only such part of the property as shall remain undisposed of at the death of the devisee who shall first die. No formal set of words is necessary to create a power. It is sufficient if the intention to create it clearly appears, and instruments are

construed liberally, in furtherance of that intention. (4 *Kent's Com.* 319.)

Each devisee may, therefore, in her lifetime dispose of the entire fee of the estate devised to her, for her own benefit. The language of the will clearly manifests such intention of the devisor, even if the devisees are not, by means of the express power, enabled in their *lifetime,* to dispose of the entire fee for their own benefit. (*Id.* § 85. *Jackson* v. *Edwards,* 7 *Paige,* 401.) By section 83, of the same statute, it is provided that "when an absolute power of disposition, not accompanied by any trust, shall be given to any person, to whom no particular estate is limited, such person shall take a fee, subject to any future estate that may be limited thereon, but absolute as to creditors or purchasers." We think there is no limitation of any particular estate, to either of these plaintiffs, contained in the will. It is only in case one of them shall die, *intestate* and *without issue,* that *what shall remain* of the estate given to her shall, for the benefit or behoof of the survivor, *be deemed* to have been held for life only. But, if a tenancy for life was created, then, by the express language of the statute, each devisee possesses an absolute power of disposition. (*Id.* § 84.)

The statutes cited have accomplished that which the legislature intended, namely, the making of the power of disposition equivalent to actual ownership. (*Rev. Notes to art.* 3, *ch.* 1, *part* 2.) The power having been granted by the will, did not take effect until the death of the donor. It is manifest, therefore, that the estate of the plaintiffs is no longer subject to the contingency that any future estate may be limited thereon. Any execution of the power of testamentary disposition, made after the conveyance to the defendant, could, therefore, have no manner of effect upon the estate thereby conveyed.

The defendant's counsel contends that the estate devised to the plaintiffs is a determinable or qualified fee ; and that the interest, which each devisee takes in the share of the

Freeborn *v.* Wagner.

other, in case of survivorship, is a naked possibility only. Conceding that this is a proper denomination of estates and interests in lands, under our statutes, still the whole estate of the devisor was vested in the devisees, and will go to the defendant, by the conveyance of the plaintiffs. (1 *R. S.* 722, §§ 2, 7, 8, 9, 13, 35. *Lawrence* v. *Bayard,* 7 *Paige,* 76.) In this case the chancellor says that by the term, "expectant estates," the legislature intended to include every present right or interest, either vested or contingent, which may, by possibility, vest in possession at a future day. The mooted question, whether a mere possibility, coupled with an interest, is capable of being conveyed, is, therefore, forever put at rest in this state.

We have shown that the estate so conveyed cannot be defeated or divested by an execution of the power of testamentary disposition. Without going into any refinement of legal learning, therefore, we are of the opinion that, upon the plain language of the statute, the title offered to the defendant is good, and that he is, in equity, bound to accept it.

The court below directed judgment subject to the opinion of the court at general term. This was a mistrial; and the case must be sent back, unless the parties consent to a modification of the decision, by striking out the portion of it after the word "costs," and a further consent to the entry of judgment upon the decision as amended, and an appeal therefrom, *nunc pro tunc;* in which case judgment of affirmance, with costs, may be entered.

[KINGS GENERAL TERM, February 11, 1867. *Lott, J. F. Barnard,* and *Gilbert,* Justices.]