ELIZA C. L. FREEBORN *et al.*, Respondents, *v.* JOHN W. WAGNER, Appellant.

CONSTRUCTION OF THE TERMS OF A WILL.   CREATION BY DEVISE OF A LIFE
ESTATE, WITH GENERAL AND BENEFICIAL POWER TO DEVISE.   CONDI-
TIONS OF A PERFECT TITLE TO REAL ESTATE.   SPECIFIC PERFORMANCE.

Though this was an action to compel a specific performance of contract,
the questions arising relate wholly to a construction of the provisions of
a will, out of which the title to the property, which was the subject of
contract, issued.   These questions arise out of the following conditions
of fact:

J. O. bequeathed all his real and personal estate to his wife, E. C. O., and
his daughter, S. A. O. E., to each the equal one-half part thereof, share
and share alike, subject to the following restrictions or limitations, to
wit: that his wife, at any time after his decease, might make such tes-
tamentary disposition of the property and estate given her as should seem
just and proper; but, in the event of her death intestate, and without
issue, she should be deemed to have held the same for and during her
life only, and not absolutely or in fee — and in that case, whatever should
remain of the same property and estate was bequeathed to his said
daughter, S. A. O. E.; and in case of the death of the daughter without
issue and intestate, she should be deemed to have held the same for and
during her life only, and not in fee or absolutely — and in that case,
whatever should remain of the same property and estate was bequeathed
to his wife.

The plaintiffs (devisees under this will) contracted with defendant to convey,
and he to purchase, certain premises which were a part of the property
devised as above.   At the time designated for the execution of the con-
veyance, the plaintiffs tendered a full covenant warranty deed of the
premises, properly executed and acknowledged, which the defendant
refused to accept, alleging that plaintiffs' title was not good, and hence
the deed did not convey such a title as he had contracted for.

In this action to enforce specific performance against the defendant, the only
question presented is, whether the plaintiffs (devisees under the said will)
could convey to the defendant an absolute and perfect title in fee to these
premises, thus devised to them under the provisions above cited, as it
must be conceded, that the purchaser cannot be compelled to accept a
doubtful title.   This question, however, is affected and determined by
the precedent question as to the character of the estate created by the
devise, and upon this point the opinions present, respectively, the views
following, to wit:

MASON, J., finds the case at bar scarcely distinguishable from that of *Her-
mer and wife* v. *Shoemaker* (22 Wend. 137); and, from the analogy between
them, draws the conclusion, that the devise carries an *absolute unqualified*

*fee* to each of the plaintiffs. This conclusion, however, is expressed with diffidence, and appears not to have had the sanction of the court. But he also finds in the plaintiffs power to convey a perfect estate in fee upon other grounds more fully set forth in the opinion of WOODRUFF, J., and having the concurrence of the court.

WOODRUFF, J., while dissenting from the construction of MASON, J., which finds the creation of an absolute fee to each of the devisees in the above devise, finds in the plaintiffs power to convey a perfect title to the premises in question, upon the following grounds:

1. The deed tendered would invest the defendant with all the estate and interest which is vested in the plaintiffs by the devise, and bar the plaintiffs, and all claiming through them as heirs-at-law, from asserting title to the premises.

2. The death of either devisee, leaving issue, could not impair the title of the defendant, for, in such case, the qualification in the second item of the will would not become operative as a limitation of the first clause, and the devisee would then be deemed to have taken in fee, and her conveyance in fee would have full operation. That is, in such case, the event upon which the devise created a life estate only, not happening, the first clause of the will, creating an estate in fee, being no longer limited, would be left to operate.

3. If the first taker should die without issue, the title of the defendant could not be impaired by that contingency, for then the estate would go to the remaining devisee. But this interest of the other devisee, under the will, is an expectant future estate: it is a contingent remainder over to her, which remainder, under our statute (1 R. S. 725, § 35), passes by her deed, and by uniting with that of the first taker — in the deed tendered — she and her heirs are forever concluded.

4. The power of testamentary disposition conferred by the will upon the devisees, in the light of sections 81, 82, 83 and 84 of 1st Revised Statutes, is to be construed as an absolute power of disposition, through the exercise of which by the devisees (plaintiffs), the purchaser would take an absolute title in fee.

The essential principle involved and determined may be summed up and stated in the following proposition :

A devise of an estate for life, coupled with a general and beneficial power of testamentary disposition, confers an absolute power of disposition in respect to the rights of creditors and purchasers, whereby a conveyance by the devisees under such will, of an estate in fee in the premises so devised, vests in the purchaser a good and valid title to the premises so conveyed.

Incidental point brought to view in the opinion:

The expression in the will, "whatever may then remain of the same property and estate," is not to be understood as in itself conferring upon each devisee, respectively, an estate in fee, which he may alienate at pleasure, but is to be construed as a paraphrase of the term, "remainder over to, etc.," that is, the whole fee to go over after the expiration of the particu-

lar estate therein created. It is not what may remain after the devisee has parted with any portion of the estate at his pleasure, but the remainder not disposed of by the devise itself. WOODRUFF, J.

THIS suit was brought to enforce the specific performance of a contract to purchase real estate. On the 18th day of September, 1865, the plaintiffs entered into into an agreement in writing with the defendant, whereby they agreed to convey to him, for the sum of $11,000, a certain hotel premises, at Tivoli, in the town of Redhook, Dutchess county. The contract required the defendant to pay $3,000 on the 1st day of May, 1866, and at that time to execute a bond and mortgage upon the premises for the balance of the purchase money, $8,000, payable in eight annual installments, with interest; and on the payment of the said $3,000, the plaintiffs were to execute a deed of the premises to the defendant, upon the defendant's executing the said bond and mortgage. The plaintiffs were to execute a proper deed of conveyance for the conveying and assuring to him the fee simple of the said premises, free from all incumbrances. On the first day of May, 1866, plaintiffs tendered to the defendant a full covenant warranty deed of the said premises, properly executed and acknowledged, and demanded the performance of the said contract on the part of the defendant. The defendant refused to receive it, claiming and insisting that the plaintiffs' title was not good, and that the deed did not give him such a title as the contract called for. The following facts are undisputed in the case: that James Outwater, who was the owner of the premises, on the 19th day of January, 1860, made, in due form of law, his last will and testament, and which had been duly admitted to probate as a will of real estate, by the surrogate of Dutchess county; by which said will he devised the premises with other property to the plaintiffs, in the manner following, and in the words following:

"First, I give, devise and bequeath all my real and personal property and estate, of every nature and kind, to my dearly beloved wife, Eliza C. Outwater, and to my beloved daughter, Sarah Augusta Outwater Eade, the equal one half

part thereof, share and share alike, *subject only to the restrictions* and provisions, in the second item of this my will, stated and contained. And I do hereby declare, that the devise and bequest herein contained, of one half of my real and personal property and estate to my wife Eliza C., is in lieu of her dower, and is to be accepted and received by her in lieu thereof, to the end that the remaining half part thereof, devised and bequeathed to my daughter, Sarah Augusta, be discharged from all lien or claim, for or on account of such dower.

"Second, my wife, at any time after my decease, may make such testamentary disposition of my property and estate hereinbefore given to her, as shall seem to her to be just and proper; but in case of her death intestate and without issue, then she shall be deemed to have held the same in trust, for and during her life only, and not absolutely or in fee — in which case, I give, devise and bequeath *whatever may remain* of the same property and estate, to my daughter, Sarah Augusta; and in case of the death of my said daughter, without issue and intestate, she shall be deemed to have held the property and estate, hereinafter given to her, in trust, for and during her life only, and not *in fee or absolutely* — in which case, I give, devise and bequeath *whatever may then remain of the same property and estate,* to my wife."

Upon these facts, the judge at Special Term held and decided, that the plaintiff's title was good, and that the deed which the plaintiffs offered the defendant, would pass a good and unencumbered title to the defendant, and gave a judgment against the defendant enforcing a specific performance of the said contract. The defendant appealed from said judgment to the General Term, where the same was affirmed, and then defendant appealed therefrom to this court.

*John Gaul* and *Samuel Hand,* for the appellant.

*J. W. Elseffor,* for the respondents.

WOODRUFF, J. I cannot yield my assent to the argument that (apart from the legal effect of the power of testamentary

disposition), each devisee was invested with the power to dispose of the entire fee in her lifetime, in her share devised for her benefit. That view of the subject is sought to be inferred from the will " because the limitation over embraced only such part of the property as shall remain undisposed of at the death of the devisee who shall first die." This is a partial and disjointed presentation of the terms of the will, and is made the ground of inference that a power to dispose of the estate in the life-time of the devisee was intended by the testator. That is to say, a gift or limitation over of " whatever may then remain of the same property and estate " implies that the first taker may dispose of a part, or even·the whole of it.

This lays entirely out of view the preceding language, which in my judgment entirely forbids such implication. First, the testator gives all his estate to his wife and daughter, each the one half thereof, share and share alike. If he had stopped here, our statute, which renders the use of the habendum to heirs, etc., unnecessary to the creation of a fee by devise, would operate, and the devisees would have taken real estate in fee simple. But that statute does not operate where the intent to pass a less estate or interest appears by express terms, or be necessarily implied in the terms of the grant. (1 R. S. 748.) Having used words which at the common law are apt to create a life estate only, but which under the statute might create a fee, the testator proceeds to limit or restrain the operation of these terms, by declaring the devisee to be " subject only to the restrictions and provisions in the second item" of his " will stated and contained."

That item declares that his wife may make such testamentary disposition of the property so given to her as shall seem to be just and proper; but, in case of her death, intestate and without issue, " then she shall be deemed to have held the same *in trust* for and during her life only, and not absolutely or in fee."

No words could more distinctly satisfy the statute, or show more clearly that in the event of her dying intestate without

issue, the interest devised by the first clause of the will shall be only a life estate.

Doubtless, the terms " *in trust*" have no legal significance. There was no trust except for herself, and the conveyance to A, in trust for himself for life, would certainly give him no greater interest than a life estate.

This express language is even more pointed and precise as to the share of his daughter : In case of her death intestate and without issue, " she shall be deemed to have held *the property and estate hereinafter* [*query*, hereinbefore?], given to her in trust, for and during *her life* only, and *not in fee* absolutely."

This very clear and distinct language is not noticed in the opinion below. It relates to the whole estate and property given by the first clause in the will, and in the event contemplated, declares that it shall be deemed a life estate only.

Now it matters not, that whether the will devised a fee or only a life estate could not be determined during the life of the first taker—the condition is just as definite and precise as if any other condition or contingency had been mentioned ; *e. g.*, suppose the second item had read, " if A B shall return from Rome during the life of my said daughter, then she shall be deemed to have held the property and estate given to her herein, for and during her life only, and not in fee or absolutely." A clear intent, that, in the event contemplated, the daughter should take a life estate only, is thus in terms expressed, and " in which case I give, devise and bequeath whatever may then remain of the same property and estate, to my wife." This is supposed to imply power of disposition in the life tenant.

1. Such an implication nullifies the declared intent that she shall take " for and during her life only, and not in fee or absolutely"—and it is made the very ground for holding that she did take a fee.

2. This clause is a paraphrase of the term " remainder to my wife," a legal phrase entirely understood, and importing that the whole fee, after the expiration of the particular estate, is to go over.

It is not "whatever may remain undisposed of by my said daughter," or equivalent words, which might involve some probability that the testator supposed he had given her such an interest or power that she might dispose of some part of the property—but it is whatever may remain of the same property and estate, *i. e.*, the remainder therein not above disposed of.

3. The possible inference from that language is not sufficient to overcome the distinct and positive declaration, that she shall be deemed to have held the property for and during her life only.

I feel therefore constrained to reject the construction which would infer from the terms of the will above referred to (irrespective of the power of testamentary disposition), the creation of a life estate with an absolute power of disposition by the life tenant, in his life time, which even before the statute was deemed equivalent to a fee, and which would, of course, make the title of a purchaser absolute.

Such a construction would enable either of the life tenants to convey her own share absolutely, and as effectually without as with, the consent of the other or the contingent remainder man, and is, I think, at war with the plainly expressed intention of the testator.

But it does not necessarily follow from these views, that the plaintiffs cannot convey, and did not tender to the defendant a good title, or at all events a title which neither the plaintiffs, nor their heirs-at-law, nor the heirs-at-law of the testator could afterward impeach.

This, in my judgment, depends upon other considerations than those above adverted to.

1. It should be remembered that the deed of the plaintiffs, which was offered, containing full covenants and warranty of title, will not only invest the defendant with all the estate and interest which is invested in the plaintiffs, or which they can convey, but by estoppel will bar the plaintiffs, and all who shall claim through them as heirs-at-law, from asserting any title to the premises.

2. If the devisee of either half of the premises shall die

leaving issue, then the second item of the will has no opera-
tion as a qualification of the first clause, and of course the
devisee will be deemed to have taken a fee, and her con-
veyance in fee will have full operation. The devise would
not operate as an estate for life in the first taker, with a
limitation over to such issue, as purchasers, by force of the
devise. But rather the event upon which the estate was to
be deemed a life estate only, not happening, the first clause
of the will would be left to operate as a devise in fee.

3. If the first taker dies without issue, then the estate
would go over to the other devisee (unless the provision in
regard to the power of testamentary disposition, prevents).
Under our Revised Statutes (vol. 1, p. 722, art. 1, title 2,
ch. 1) such other devisee takes under the will, not a mere
possibility, but an expectant future estate, depending on the
contingency of the death of the other without issue, intestate.

The term, "without issue," in the will, does not mean an
indefinite failure of issue, but on well settled principles, as
well as by our statute, a failure of issue living at the death
of the first taker. The event upon which the remainder
would rest in possession is uncertain, it may never happen—
but if it should happen at any moment, the other devisee
would take eo instanti, and the remainder would vest in
possession.

Such a remainder passes by her deed (1 R. S. 725, § 35), and
in this view, therefore, by uniting with the first taker in the
deed tendered, she and her heirs are forever concluded.

4. What is the effect of the power of testamentary disposi-
tion contained in the will? and does the conveyance by the
deed tendered, prevent its exercise, or defeat any disposition
made by the donee of the power?

If the existence of the power operates by force of our
statute to make the estate of the devisee herself, a fee, as is
argued, then, of course, her conveyance invests the grantee
with a fee, and no subsequent act of the grantor can
defeat it.

By section 84 of 1 Revised Statutes, title, "Of Powers"
(p. 733), where a general and beneficial power to devise the

inheritance shall be given to a tenant for life  *  *  such tenant shall be deemed to possess an absolute power of disposition, within the meaning and subject to the provisions of the three last preceding sections.

This power is both general and beneficial.

It is, therefore, an absolute power of disposition within section 81, which says that where such power of disposition is given to the owner of a particular estate for life, or years, such estate shall be changed into a fee, absolute in respect to the rights of creditors and purchasers, but subject to any future estates limited thereon in case the power should not be executed, or the lands should not be sold for the satisfaction of debts.

Here the power is given to the owner of a particular estate for life, and there was a remainder limited upon the estate for life in a certain specified contingency. If no sale was made, and either devisee died without issue, and without executing the power, the remainder was limited to the other.

What is the import of this last named section? Does it mean to declare that in respect to creditors and purchasers the estate shall be changed into an absolute fee, and therefore if levied on by creditors, or conveyed to any purchaser, they shall take an absolute fee? or does it mean, that, though deemed an absolute fee as to creditors and purchasers, it shall nevertheless remain subject to be diverted by the limitation over, in case the power to devise shall not be executed, or the land be not sold for debts?

If the former, then a conveyance extinguishes the power as respects the rights of a purchaser, and destroys the limitation.

If the latter, it would operate simply and only as a conveyance of the life estate, because the estate would still be subject to the execution of the power to devise, and the limitation, even in default thereof, would still take effect. This makes the statute work no change, except in case the property should be taken for debts.

It means, that, although the power is, by the will, a power to devise only, it shall be construed to be an absolute power

of disposition, and the estate shall be deemed an absolute fee as to purchasers and creditors, and a purchaser will therefore take title.

But if the power (*i. e.*, the absolute power of disposition), be not executed, and the land be not sold for the satisfaction of debts, it shall remain subject to the limitation over which may then take effect.

The two following sections are, I think, in harmony with this view. If I am correct in this, the defendant will obtain, by the deed tendered, a safe and secure title.

The judgment should be affirmed.

Mason, J. The rule in equity requires the vendor, when he seeks a specific performance against the purchaser, to be able to make a clear title, for courts of equity will not compel a purchaser to take a doubtful title.

If, therefore, the plaintiffs' title, which they offered the defendant, is doubtful, the judgment of the Supreme Court ought not to have compelled the defendant to take it, and the judgment must be reversed. This question of title depends upon the construction to be put upon this devise to the plaintiffs, in the will of James Outwater, above stated. If this devise carries an *absolute, unqualified fee* to each of these plaintiffs, then there can be no question in regard to the title. I am inclined to think, although it is expressed with hesitancy, that such is the construction which the law requires us to put upon this will. The primary devise is to each of these plaintiffs "*the equal* one-half part of all the testator's real estate, subject only to a limitation over to the survivor of them, of such part of the same property and estate as may remain at the death of the devisee who shall first die, and even this remainder is not carried over to the survivor, if the first taker shall die leaving issue. The apparent intent of the testator was to give to each of these devisees an equal half of all his property real and personal, with the simple restriction imposed, that whatever shall remain in the hands of the devisee who shall first die without issue, shall go over to the survivor—that is, what should

remain of the same property at the death of the devisee first dying.    The case of *Helmer and Wife* v. *Shoemaker* (22 Wend. 137) is scarcely distinguishable from the case at bar, where the subsequent clause in the will giving a limitation over in favor of another, as to so much of the property given to the first devisee as may remain at the decease of the first taker, was inoperative to carry any thing over, and the first devisee took a fee simple absolute in the real estate.    This construction is expressed with great doubt, and I need not regard it as very important whether this view be sustained or not, for, during the life-time of both these devisees, each of them holds the fee of one-half of this real estate, with the expectancy of a future estate in fee, in the other's half.    These limitations of the expectant estates being limited to the two devisees, and the survivorship necessarily giving to the one or other the whole estate, and as expectant estates are transferable under our statutes the same as any other estate, it follows that the deed of the two devisees must convey all their right, title and interest, present and expectant; and consequently, a good title was offered to the defendant, in the full covenant deed of the plaintiffs.    This must be so, if these devisees simply took a life estate with a general and beneficial power to devise the inheritance ; for in such a case the tenant for life possesses an absolute power of disposition under our statute. (1 R. S. 733, §§ 81, 82, 83, 84.)    And, as regards a purchaser, his estate shall be deemed turned into a fee, and his conveyance, to pass a good title to the purchaser. (1 R. S. 725, § 35; 723, §§ 9, 10, 12; *Nichol* v. *N. Y. & Erie R. R. Co.*, 2 Kern. 133; *Lawrence* v. *Bayard*, 7 Paige, 76 ; *Leslie* v. *Marshall*, 31 Barb. 564.)

The judgment must be affirmed.

The majority of the court expressed no opinion upon the first ground stated in this opinion, some expressing opinions against its accuracy.

Judgment affirmed.