EDMUND McLOUGHLIN, PLAINTIFF, *v.* FRANCIS D. MAHER, DEFENDANT.

*Devise — estate of devisees — when a good title can be conveyed by.*

A testator by his will devised the residue of his estate to his children, and then provided as to the share devised to one daughter, "that in case of her death without issue, that then and in that case such share shall go to my surviving children." The daughter survived the testator, and had children born before his death. The daughter and the other children of the testator joined in a conveyance of a portion of the residuary estate.

*Held,* that the children of the daughter took no estate in the lands.

That the daughter took an estate in fee with a contingent limitation over.

That even if she took a life estate only, the remainder or future expectant estate was not in her children, but in the surviving children of the testator and was alienable by them.

That a conveyance by the daughter and the other children of the testator passed a good title.

*Semble,* that the words "in case of her death without issue" referred to the death of the daughter in the life time of the testator.

CONTROVERSY submitted upon admitted facts under section 1279 of the Code of Civil Procedure.

The plaintiff, as vendor, seeks to compel the specific performance by the defendant, as vendee, of a contract for the sale of real estate. The defendant claims that the title of the plaintiff is not perfect, and refuses to accept the same.

John Douglass died seized of the premises in question, leaving a will. He left a widow and eight children, one daughter and seven sons, his only heirs-at-law. By the will, after sundry specific devises and bequests in favor of his widow, he provided as follows :

" Sixth. I give, devise and bequeath all the rest and residue of my estate, both real and personal, to my children, share and share alike. In case any one of my children shall die in my life-time, leaving issue or descendants, I direct that his or her share shall not lapse, but shall pass to such issue or descendants.

" Eighth. It is my desire and I hereby direct that the share of my estate hereby devised and bequeathed to my daughter Jane Amelia, wife of Henry De Forest, of the city of New York, be taken and held by her free from any control of her husband, and that in case of her death without issue that then and in that case such share shall go to my surviving children."

The said Jane A. De Forest is still living, and has children, born before the testator's death.

The widow and devisees of John Douglass made amicable partition by deed of his residuary real estate, and certain lands in New York were allotted and conveyed to Mrs. De Forest, and the premises in question were allotted and conveyed to William O. Douglass, one of the sons, who conveyed the same to the plaintiff.

The objection of the defendant to the title is that Mrs. De Forest took under the will of her father, only a life estate in one undivided eighth part of the premises, with remainder to her issue, and in default of issue to her surviving brothers, and that the children of Mrs. De Forest, not having joined in the partition deeds, had certain interests in the premises which did not pass under the deed to William O. Douglass.

*Sacketts & Lang*, for the plaintiff.

*Theodore F. Jackson*, for the defendant.

GILBERT, J.:

By the sixth clause of the will an absolute estate in fee was devised to Mrs. De Forest. By the eighth clause that estate was changed into a fee with a contingent limitation over, whereby the estate was devised to the brothers of Mrs. De Forest on her death without issue. (1 R. S., 725, § 27.) It is probable that the testator referred to the death of Mrs. De Forest in his own life-time. (*Kelly* v. *Kelly*, 61 N. Y., 47; *Livingston* v. *Greene*, 52 id., 118.) But if he did not, the eighth clause is not repugnant to the sixth. (*Norris* v. *Beyea*, 13 N. Y., 273, *Gilman* v. *Reddington*, 24 id., 10; *Guernsey* v. *Guernsey*, 36 id., 267.) It would be a perversion of the manifest intention of the testator to convert his gifts to his children into a life estate to his daughter with remainder to her brothers, for by the words of the will the gift over of Mrs. De Forest's share could take effect only in the event of her demise without issue. If she left issue the fee devised to her would descend to such issue. To construe the will as vesting her with a life estate only would necessarily impute to the testator the intention to disinherit her children for the benefit of her brothers, to whom he had by the same will given an equal share of his estate. Such a construction would be wholly unwarranted. But the only effect of changing the estate of Mrs. De Forest into one for life would be to make the brothers remaindermen instead of executory devisees. The estates under the will would then be a life estate in Mrs. De Forest, and a remainder in her brothers. The children of Mrs. De Forest could in no event take any estate under the will in the lands devised to their mother.

It is not disputed that Mrs. De Forest and her brothers have conveyed the lands in controversy, and that the estate so conveyed has become vested in the defendant. If the will gave a fee to Mrs. De Forest that has passed to the defendant. If it gave to her a life estate, and either a remainder or a future expectant estate to her brothers, the defendant has acquired all of the estates so devised. For an expectant estate is devisable in the same manner as an estate in possession. (1 R. S., 725, § 35.)

In every point of view, we think that a good title has been tendered to the defendant, and that he should be compelled to com-

plete his purchase.    (*Freeborn* v. *Wagner*, 49 Barb., 43; *S. C.*, 4 Keyes, 27.)

Judgment accordingly, with costs.

DYKMAN, J., concurred.

Present — BARNARD, P. J., GILBERT and DYKMAN, JJ.

Judgment for plaintiff on submitted case, with costs.