Goddard *v.* Pomeroy.

———— • ◦ • ————

## GODDARD and others *vs.* POMEROY and others.

A testator, by his will, gave to his wife, after the payment of his funeral expenses and all honest debts, all his personal estate absolutely, except $1000 due him in notes, and the interest of that $1000 during her life. He also gave her the whole income of all his real estate, for life, absolutely. He then gave to three other persons, E., H. and P., legacies amounting in the aggregate to $3500, which were not to become due until after the decease of his wife. He next gave "the whole remaining part of all my worldly property which it is supposed will exceed $3000," to the Baptist church in York, upon certain conditions, one of which was as follows: "That the legacy be kept by the church in perpetual fund, on interest, and interest applied for the purpose of remunerating the services of some faithful minister of Christ, and of the Baptist order, who shall be employed by the church as their missionary, in preaching the gospel in the destitute regions of the west."

*Held* 1. That having no power to take by devise, for any purpose, the church acquired no right, but the devise and the trust founded upon it, were en-

Goddard *v.* Pomeroy.

tirely void, and the estate descended to the heirs at law, subject to the life estate of the widow, at the death of the testator.

2. That the trust to provide for the payment of the salary of a missionary to be employed in preaching the gospel in the destitute regions of the west was void, for the reason that the object of the charity was too vague and uncertain, and the testator had failed to express his purpose with sufficient clearness and precision to enable the court to decree its specific execution. And that were it any other than a charitable trust, it would be clearly void for want of any certain beneficiaries who could enforce it.

3. That the testator intended that the three legacies to E., H. and P. should be principally paid out of the real estate, although they were not to become due until the death of the testator's widow; an intention being manifest, from the whole will, to give to the Baptist church only the part of the estate which should remain after the other legacies were paid and satisfied.

4. That the charge upon the real estate, for the payment of the legacies, followed the estate in the hands of the heirs at law.

Religious societies incorporated under the act of 1813 are not expressly or even impliedly authorized to take lands by devise, for any purpose whatever, when such devise is made after their incorporation.

A gift to a charity, if there is a competent trustee, although there is no ascertained, or ascertainable, beneficiary, may still be upheld, provided the charitable use is so clearly and' certainly defined as to be capable of being specifically executed and enforced, as intended by the donor, by judicial decree.

CONTROVERSY submitted to the court, by agreement of the parties, without suit, as authorized by the code. The following are the facts upon which the claim, and the rights of the parties, depended. On or about the 18th day of February, 1836, Josiah Goddard, of the town of York, in the county of Livingston, made and executed his last will and testament, by which (after omitting the formal introduction) he devised and directed as follows:

"After my doctor's bills, funeral expenses, and the cost of a decent monument erected at my grave is paid, and other honest debts, if any there be unsettled, I give the whole of my personal estate of every description to my wife Elizabeth, except one thousand dollars of the money that is due to me in notes; the principal of which I do not give to her, but the interest of which I do give to her, during her life, to her and to be her's, and at her disposal forever. And I further-

more give to my said wife the whole income and the sole control of all my real estate, during the time of her life, to her and to be her's, and at her disposal forever. Note: None of the legacies which follow, and are described below, will become due till after the decease of my wife, and they are as follows:

*First.* I give to Elizabeth Faxton, now Elizabeth Bond, wife of Hollis Bond, living in the town of York, and county of Livingston, two thousand and five hundred dollars, to her, her heirs and assigns forever.

*Secondly.* I give unto my eldest sister, Huldah Goddard, living in the town of Grafton, and county of Worcester, and state of Massachusetts, five hundred dollars, to her and her assigns forever.

*Thirdly.* I give unto my youngest sister, Polly Goddard, now Polly Wheeler, wife of Asa, living (as is supposed) in the town of Leicester, and county of Worcester, and state of Massachusetts, five hundred dollars, to her and her assigns forever.

*Fourthly.* The whole remaining part of all my worldly property, which is supposed will exceed at least three thousand dollars, I give unto the Baptist church of Christ, in the town of York, in Livingston county, and state of New York. This legacy is given to the church above mentioned, on the following conditions:

1st. That the church, as soon as convenient after they shall have come to the knowledge of the legacy, shall vote to receive it.

2d. Provided the *church* shall continue to maintain their visibility, as a regular Baptist church, upon the foundation of the same gospel doctrines which they now profess and receive.

3d. That the legacy be kept by the church, in perpetual fund, on interest, and interest applied for the purpose of remunerating the services of some faithful minister of Christ, and of the Baptist order, who shall be employed by

the church, as their missionary, in preaching the gospel in the destitute distant regions of the west.

4th. Provided, likewise, that the church choose a board of trustees, or board of committee, in number not less than five, to whom may be intrusted the safe funding of the money, collecting the interest, and procuring a suitable person, whom they may appoint by the advice of the church as their missionary, and settle with him all pecuniary concerns, and to whom it shall be his duty to make returns of his travels, labors, success, and whatever concerns his mission.

These conditions it is not expected will be attended to punctiliously, but in substance; on which conditions, if the church shall see fit to vote the reception of the legacy, it is given, but otherwise it is not given.

If this legacy is not received by the church, it is not to revert back to the other legacies as described above, to increase them, but directions will have been given to my administrators how to dispose of the money."

It was agreed that the Baptist society of York was duly organized under the act authorizing the formation of religious societies, passed April 4, 1813, prior to the execution of said will, and was an existing corporation at the time of the death of Josiah Goddard. That afterwards, and on or about the 19th day of February, 1836, the said Josiah Goddard departed this life at the town of York. That subsequently, and on or about the 22d day of April, 1836, the said will was duly admitted to probate, by and before the surrogate of the county of Livingston, and was duly recorded as a will of real and personal estate, and letters testamentary were thereupon duly issued to Elizabeth Goddard, the executrix named in said will. That subsequently, and on or about the 22d day of May, 1854, Elizabeth Goddard, widow of the said Josiah Goddard, departed this life, and Spencer Pomeroy, the executor named in the said last will and testament of the said Josiah Goddard, deceased, being appointed under said will, became acting executor of said

estate, under said will. That the said Josiah Goddard, at the time of his decease, was seised in fee simple of certain real estate, particularly described in the submission. That the said real estate was the only real estate of which the said Josiah Goddard died seised, and is now of the value of about $2000. That the said Josiah Goddard, at the time of his decease, left him surviving the following heirs at law, to wit: Polly Wheeler, a sister of the deceased, Huldah Goddard, a sister of the deceased, Charles Goddard, Lucy H. Stiles and Mary P. Bailey, children of Perley Goddard, a deceased brother of the said Josiah Goddard, Edward P. Goddard, a child of Joseph Goddard, a deceased brother of the said Josiah Goddard, and Lucy Goddard, a child of Ann Goddard, a deceased sister of the said Josiah Goddard. That the said Polly Wheeler has since died intestate and without issue, and is now represented by Joseph A. Denney as her administrator, &c. That the said Huldah Goddard has since died intestate and without issue, and is now represented by Charles Goddard as her administrator, &c. That the persons before named were the only surviving heirs at law of Josiah Goddard at the time of his death, and that the persons so named and the representatives of such as are deceased are the only persons having any interest in this controversy, excepting only the persons or corporation named as legatees in said will and such persons as are named defendants herein. That the said Josiah Goddard, at the time of his death, left personal property to the amount of about $3000. That of the several bequests made in the said will of the said Josiah Goddard, the sum of $2500 given to Elizabeth Bond, wife of Hollis Bond, by the terms of said will, has been paid in full out of and from other assets than the real estate and the rents and profits of the same. That of the bequest made in said will to Huldah Goddard, there remains due and unpaid the sum of $612, with interest thereon from the 1st day of April, 1861. That of the bequest made in said will to Polly Wheeler, there remains due and unpaid the sum of

Goddard *v.* Pomeroy.

$612, with interest thereon from the 1st day of April, 1861. That all the personal property left by said Josiah Goddard, deceased, for that purpose, has been applied to the payment of the legacies mentioned in the first, second and third clauses of the will. That the said Baptist church of Christ, of the town of York, has complied substantially with all the conditions annexed to the legacy mentioned in the fourth clause of the will, excepting only that no portion of the said bequest mentioned in said will has yet been applied by said society to the support of a minister of the Baptist denomination, as contemplated in the fourth clause of said will, but the rents and profits of the real estate hereinbefore described still remain in the hands of the said Spencer Pomeroy, or the said Baptist society of York, to the amount and in the manner hereinafter stated. That the said Spencer Pomeroy, after the decease of the said Elizabeth Goddard, wife of the said Josiah Goddard, and on or about the 23d May, 1854, entered into the possession of the real estate, and remained in possession of the same down to the 14th August, 1858, and was in the receipt of the rents and profits thereof to that date. That the annual rents and profits over and above all taxes, repairs, charges and deductions of every kind, so received by the said Spencer Pomeroy, amount to the sum of $80 for each and every year since the said 23d May, 1854, while he so retained possession of the same. That the Baptist society of York has been in the possession of said premises, and in the receipt of the rents and profits of said real estate, from the said 14th day of August, 1858. That there is now in possession of said society, of rents received from said property from the date last aforesaid to August 20, 1861, $26, the balance of said rents having been expended in repairs on said premises. And from the 20th day of August, 1861, the rents and profits of said premises are to be estimated against said society at the rate of $90 per annum, over and above all deductions for any account whatever. For the rents and profits so found and accruing in the hands of said society,

judgment is to be rendered in manner and effect as against the said Spencer Pomeroy. That the Baptist society of York is the same organization and corporation mentioned in said will as the Baptist church of Christ, of the town of York.

The questions submitted to the court upon this case were as follows: Is the bequest contained in the will of Josiah Goddard, deceased, hereinbefore set forth, and designated in said will as "*fourthly*," by which the "whole remaining parts" of his property, after certain specific bequests, is given to the "Baptist church of Christ, of the town of York," a valid bequest or devise; and did said society take title to the property herein described upon the trust and for the purpose mentioned in said will, or take any right or interest whatever under said will? Are the unpaid balances of the legacies mentioned in said will, as given to Polly Wheeler and Huldah Goddard, a charge upon the real estate hereinbefore described? The court to determine the right of the respective parties in this controversy, and render judgment accordingly. If these questions were answered in the affirmative, then judgment was to be rendered against the claim of the heirs at law of Josiah Goddard to the said real estate, and the same was to be decreed as belonging to said Baptist church, subject to and charged with the unpaid balance on said legacies to Polly Wheeler and Huldah Goddard, and subject to the trust created in and by said last will and testament, should the court determine that said unpaid legacies are chargeable upon the said real estate, and that said fourth bequest and the trust created thereunder is valid. If the first of said questions was answered in the negative, then judgment was to be rendered against the claim of said Baptist society to the real estate, or to any claim or interest whatever under said will; and the said property and the rents and profits of the same were to be decreed as belonging to said heirs at law of Josiah Goddard, subject to and charged with the payment of the unpaid balance of the legacies given to Polly Wheeler and Huldah Goddard, should the court determine

that the unpaid balance of said legacies was a charge upon said real estate. And further, the said Spencer Pomeroy and the Baptist society of York were to be decreed to pay to the plaintiffs the rents and profits of said real estate so found in their respective hands, and the interest thereon, and judgment be taken against them in proper form therefor.

*L. N. Bangs*, for the plaintiffs.

*R. P. Wisner*, for the defendants.

*By the Court*, JOHNSON, J. All the personal estate of the testator, as the case shows, has been applied in payment of the legacies given by the will. The Baptist church mentioned in the will, therefore, if it can take at all, takes only the real estate. And it must be deemed to take it under and by virtue of the devise, as real estate. This church or society is a religious corporation duly organized under the act of 1813. By the revised statutes (2 *R. S.* 57, § 3) it is declared that "no devise to a corporation shall be valid unless such corporation be *expressly* authorized by its charter or by statute to take by devise." It is entirely clear, I think, that religious societies incorporated under the act of 1813, are not expressly, or even impliedly, authorized to take lands by devise, for any purpose whatever, where such devise is made after their incorporation. By the fourth section of the act, the trustees are authorized, upon the incorporation of the society, to take into their possession, and custody, all the temporalities, whether the same consist of real or personal estate, and whether the same shall have been given, granted, or devised, to such church, congregation or society, or to any other person for their use. They are also authorized, by their corporate name or title, to sue and be sued in all courts of law and equity, and to recover, hold and enjoy, all the property and estates belonging to such church, congregation or society, in whatever manner the same may have been acquired, or in

whose name soever the same may have been held, as fully
and amply as if the right or title thereto had been originally
vested in the said trustees. This obviously relates to what
shall vest in the trustees at the organization of the society,
and applies only to such property as the church, congrega-
tion or society held, or owned as beneficiaries, before, and at
the time of, their incorporation. It has no reference what-
ever to what the trustees, as such corporation, may after-
wards acquire. This power is given in a subsequent clause,
and is as follows: " and also to purchase and hold other real
and personal estate, and to demise, lease and improve the
same, for the use of such church, congregation or society, or
other pious uses," but the whole is not to exceed the annual
value or income of three thousand dollars. No power is given
to these corporations to take and hold real estate, by devise
to them, after their creation, but only by purchase. Having
no power to take by devise for any purpose, the church or
society in question acquired no right, but the devise, and the
trust founded upon it, are entirely void, and the estate de-
scended to the heirs at law, subject to the life estate of the
widow, at the death of the testator. (*Theological Seminary
of Auburn* v. *Childs*, 4 *Paige*, 419. *Ayres* v. *The Metho-
dist Episcopal Church*, 3 *Sand. S. C. R.* 351. *King* v.
*Rundle*, 15 *Barb.* 139.)

But if the devise could be supported, I am clearly of the
opinion that the trust must be held void, for the reason that
the object of the charity is too vague and uncertain. If it
were any other than a charitable trust, it would be clearly
void for the want of any certain beneficiaries who could en-
force it. But it seems to be now settled that a gift to a char-
ity, if there is a competent trustee, although there is no
ascertained, or ascertainable, beneficiary, may still be upheld,
provided the charitable use is so clearly and certainly defined,
as to be capable of being specifically executed and enforced,
as intended by the donor, by judicial decree. This seems to
be the conclusion from all the late cases in this state. (*Will-*

*iams* v. *Williams,* 4 *Seld.* 525. *Owen* v. *The Missionary Society of the M. E. Church,* 14 *N. Y. R.* 380. *Beekman* v. *Bonsor,* 23 *id.* 298, 310.)

By the terms of the will, the legacy, as the devise is termed, is to be kept by the church as a perpetual fund, on interest. " And the interest applied for the purpose of remunerating the services of some faithful minister of Christ, and of the Baptist order, who shall be employed by the church, as their missionary, in preaching the gospel in the destitute distant regions of the west." Although the interest of the fund is to be employed in remunerating the services of the minister to be employed as a missionary, the minister or missionary is in no respect the object of the charity, unless it be incidentally. He was intended to be a mere servant, or laborer, employed and paid to serve others, who were designed mainly to be benefited.

But where was to be the field of labor, and what race or class of people were designed to be the subjects of such missionary labor ? The field designated is " the destitute distant regions of the west."

Nothing could possibly be more vague and uncertain than this. It must be in some western region or regions, and in such as were destitute and distant. I do not see how it is possible for any court, by a decree, to enforce and carry out this disposition. The field, and objects of the labor, could never be designated or directed ; and if the court should undertake it, it could never be certain that it was fulfilling, in any reasonable degree, the charitable idea and disposition of the donor. He doubtless had some definite end and purpose in view, but I think he has failed to express it in his will with sufficient clearness and precision to enable the court to decree its specific execution. For this reason, also, I am of the opinion that the trust is void. There can be no doubt, as it seems to me, looking at all the provisions of the will, that the testator intended that the three legacies given in the will immediately preceding the residuary bequest, should be prin-

cipally paid out of the real estate. That he intended they should be paid admits of no doubt whatever, although they were not to become due until the death of the testator's widow. He first gives to his wife, after the payment of funeral expenses and all honest debts, all his personal estate, of every description absolutely, except one thousand dollars due him in notes, and the interest of this one thousand dollars during her life. He also gives her the whole income of all his real estate for life, absolutely. He then gives these three legacies, amounting in the aggregate to the sum of three thousand five hundred dollars. He then gives "the whole remaining part of all my worldly property, which it is supposed will exceed three thousand dollars," to the church, in trust as above referred to.

It will be observed, that the testator knew when he executed the will that at the time these three legacies would fall due, there could be only one thousand dollars of personal property which could be applicable to their payment, as he had expressly bequeathed all his personal estate, except that sum, and disposed of the interest of that sum also, together with the income of the real estate, thus intentionally leaving the real estate only, out of which the greater portion could possibly be paid. In addition to this, the residuary bequest or devise is of *the whole remaining part*, only, showing, as I think, very plainly an intention to give only the part which should remain after the other legacies were paid and satisfied. It is conceded that an intention to charge real estate is not to be inferred simply because legacies are given in a will, and the will afterwards contains a general residuary devise of real and personal estate. There must be something more, or the intention will not be rendered sufficiently apparent, to make the legacies a charge upon the real estate, thus devised. (*Lupton* v. *Lupton*, 2 *John. Ch.* 614. *Tracy* v. *Tracy*, 15 *Barb.* 503. *Reynolds* v. *Reynolds*, 16 *N. Y. Rep.* 261.) There is, however, much more than that here, and I think quite enough, taking all the provisions of the will together,

to make the intention and the charge entirely clear. This being so, the charge follows the estate in the hands of the heirs at law. For although the devise is void, the legacies are valid, and bind the land, in whosesoever hands the same may come. The plaintiffs, therefore, as heirs at law, are entitled to judgment adjudging and decreeing that the said Baptist church or society took no right, title or interest in the property of the testator, by virtue of his will, but that the real estate descended, and now belongs, to the plaintiffs as heirs at law of the testator, subject to the balance due and unpaid upon the legacies to Polly Wheeler and Huldah Goddard, which is a charge upon said real estate. And also that the said defendants account to the plaintiffs, and pay over to them the rents, issues and profits of the said real estate, according to the stipulations and admissions in the case agreed upon.

[Monroe General Term, June 2, 1862. *Johnson, Welles* and *Campbell*, Justices.]