BABCOCK *et al.*, appellants, v. STODDARD, executor, etc.

*Legacy — when not chargeable on real estate — legacy in lieu of dower.*

A testator gave to his widow a legacy of $1,000 to be accepted by her in lieu of dower. He gave other legacies, and directed the residue and remainder of his estate, both real and personal, to be divided among certain persons. The personal estate was insufficient to pay the debts of the testator. *Held,* (1) (following *Lupton* v. *Lupton,* 2 Johns. Ch. 614) that the testator's intention to that effect not being expressly declared or clearly to be inferred from the language of the will, the legacies were not chargeable on the real estate; (2) that the fact that the legacy to the widow was in lieu of dower did not make it a charge on the real estate, but only gave it a preference in payment from the personal estate over other legacies.

APPEAL from a decree of the surrogate of Jefferson county declaring a legacy to be a charge upon the real estate.

On the 27th of June, 1869, Christopher Babcock died leaving a widow, Jeanette Babcock, and three grandchildren him surviving. He left no children.

Before his death he made a will, in and by which he gave to his wife all his household furniture, also $1,000, to be held by her in her own right forever. He also bequeathed to her the use of one-third of fifty-two acres of land owned by him, lying and being in the town of Champion during her natural life, providing she so long remained his widow. These several bequests to be in lieu of her dower in his estate. The testator gave $100 to his grand-daughter, Florence E. Babcock, to be paid to her when she became twenty-one years of age.

He gave to his grandson, Christopher Babcock, and his granddaughter, Phebe A. Babcock, and to his granddaughter, Florence E., all the remainder of his worldly estate, both real and personal, not hereinbefore ordered given and bequeathed by him, to be divided among them in certain proportion specified in the will. Henry H. Babcock was appointed executor of said will.

The will was duly proved before the surrogate of Jefferson county. The personal estate of the testator was insufficient to pay his debts and the legacies given by the will.

On application to the surrogate an order directing the sale of the real estate of which the testator died seized, was made, and there

was realized by the sale a sum sufficient to pay the debts of the testator and leave a surplus of $1,267.69.

The widow died a few days after the will was proved, without making an election between her dower and the provisions in lieu thereof given her by will.

The executor of the widow, Price Stoddard, at the time appointed for the distribution of the proceeds of said real estate, appeared before the surrogate and claimed that he should be paid the $1,000 given to her by said will. . The claim was made on the ground that the bequest of said sum was made a charge on the real estate of the testator.

The surrogate so held and directed the payment of said sum to the executor, and from that order the other legatees named in the will of Christopher Babcock appealed.

*Lansing & Sherman,* for appellants.

*S. H. Hammond,* for respondent.

MULLIN, P. J.  The only question in this case is whether, by the will of Christopher Babcock, the legacy to his wife of $1,000 was charged upon and payable out of the real estate in default of sufficient personal estate to pay it.

As long ago as 1817 Chancellor KENT held in *Lupton* v. *Lupton,* 2 Johns. Ch. 614, that real estate is not charged with the payment of legacies unless the intention of the testator to that effect is expressly declared or clearly to be inferred from the language and disposition of the will, and that the usual clause devising all of the rest of his real and personal estate not before devised, is not sufficient to show an intention to charge the real estate, nor is the mere direction that all debts and legacies are to be paid.  But if the real estate be devised " after payment of debts and legacies," it is charged with the payment of them.

The residuary clause in the will of Lupton, which the chancellor was construing, was in these words, to wit: " after the decease or marriage of my said wife, I give, etc., unto my three children, William, Lancaster and Elizabeth, all the rest, residue and remainder of my real and personal estate not hereinbefore already devised."

The case of *Lupton* v. *Lupton* has been repeatedly recognized as a correct exposition of the law relating to charging legacies, etc., on

real estate by wills. *Reynolds* v. *Reynolds,* 16 N. Y. 257, 259 ; *Myers* v. *Eddy,* 47 Barb. 263.

The language of the residuary clause in the will before us is in these words : "And to my grandson, etc., I give and bequeath all the remainder of my worldly estate, both real and personal, not hereinbefore ordered given and bequeathed by me," etc., etc.

It will be seen that the clauses are substantially alike; therefore, the case of *Lupton* v. *Lupton, supra,* must control the decision in this case.

The provisions in the will in this case that the legacy given to the widow was to be in lieu of dower is relied upon as distinguishing this case from that of *Lupton* v. *Lupton,* and other cases that follow it.

The argument is that the widow is as to the $1,000 to be treated as a purchaser, and that she was entitled to be paid the legacy out of the estate, real and personal, of which the testator died seized and possessed. And that as the testator died without any children of his own, it was not his intention to deprive the widow of any part of the provisions made for her in his will.

A money legacy to a wife in lieu of dower is to be paid out of the personal estate, as legacies to other persons are to be paid. The only difference being, that as she is a purchaser for a consideration paid the legacy to her is to be paid in preference to legacies to other persons. Williams on Exrs. 1229 ; Dayton on Surrogates, 444 ; 2 Redfield on Wills, 747, 748.

If this is the only preference allowed to a legacy in lieu of dower, the legacy in question falls far short of being entitled to share in the proceeds of the real estate of which the testator died seized.

It would seem no more than just that if a legacy is accepted in lieu of dower, and for that reason the legatee is to be treated as a purchaser of such provision, that it should be paid out of the real estate if the personal proves insufficient for that purpose. But I have found no authority for such a proposition, and in the absence of authority, I am not prepared to assert it in this case.

The order of the surrogate must be reversed and an order entered declaring the residuary legatees entitled to the whole avails of the real estate, without costs to either party, except the costs of the executor, which must be paid out of the estate.

*Ordered accordingly.*