ELIZA S. WILTSIE, APPELLANT, v. WILLIAM SHAW, RESPONDENT.

*Legacy — when not a legal charge upon land devised — right of a devisee to convey land upon which a legacy is equitably charged.*

The plaintiff's father died leaving two children, the plaintiff and a son George. He owned at the time of his death certain real estate and personal property amounting to over $50,000. By his will he gave two legacies, amounting to $1,100, to persons named, appointed the plaintiff and another person executors of his will, and gave to them the sum of $20,000 in trust, to invest the said sum in the best securities they could obtain, and to use the clear income thereof, in their discretion, for the benefit and maintenance of his son George during his natural life, and at his decease to pay the principal thereof to his daughter (the plaintiff) or the heirs of her body. He then gave the residue of his estate, both real and personal, to his daughter. The person named as the executor declined to qualify  No money or property was set apart to provide for the $20,000 legacy.

*Held,* that one who had agreed to purchase a portion of the real estate from the daughter could not refuse to complete his purchase on the ground that the real estate was subject to the lien of the legacy given by the will and that the daughter could not give a good title thereto. (BOCKES, J., dissenting.)

*It seems,* that a devisee may sell and give a good title to land devised to him, even though it be subject to an equitable charge in favor of a legatee. (Per LEARNED, P. J.)

*Harris* v. *Fly* (7 Paige, 421) explained.

APPEAL from a judgment dismissing the complaint, entered upon the trial of this action at the circuit.

*Henry A. Merritt,* for the appellant.

*Esek Cowen,* for the respondent.

LEARNED, P. J.:

On the 15th of March, 1881, the plaintiff contracted in writing with the defendant to sell him a lot of land. The sum of $1,000 is

named as liquidated damages in the contract. The plaintiff at the proper time tendered a deed, and the defendant refused to perform. His sole defense is that, at that time, the property was subject to the lien of certain legacies.

The land belonged to Hiram Smith at his death, March 3, 1881. He left no debts; and was the owner, at his decease, of personal property, amounting to over $50,000. He left two children, the plaintiff and one George G. Smith. He left a will, duly executed, which had been duly proved. By this he gave two legacies, amounting to $1,100. Then he made the plaintiff and another executor and executrix of his will, and in the same clause gave to them the sum of $20,000 in trust " to invest said sum in the best securities they can obtain and to use the *clear income thereof*, in their discretion, for the benefit and maintenance of my son, George G. Smith, during his natural life, and at his decease to pay the principal thereof to my daughter Eliza Wiltsie or the heirs of her body." He then gave to his daughter, the plaintiff, the residue of his estate, real and personal. No money or property has been set apart to provide for the legacy of George G. Smith. The executor refused to qualify as executor.

The learned justice held that the legacy to Smith was a lien on the real estate ; that therefore it was not free from incumbrance, and that the defendant should have judgment for costs.

Now it is first to be noticed that the will did not impose on the residuary legatee and devisee the duty of paying a certain income. But it established a trust, in two persons, of a certain definite sum. That money they were to hold as trustees. The principal thereof was not to go to the residuary legatee, as such. At the end of the trust it was to go to Eliza Wiltsie, if she were living; to her children if she were dead. The duty of the executrix and executor then was to set apart $20,000 for this trust. And, clearly, when that should have been done, that legacy would have been paid. The argument of the defendant is that, because that sum has not been actually set apart, there is a lien on the real estate which prevents the devisee from giving a good title.

Legacies are payable from the personal estate. If the personal estate is insufficient, they abate, unless the real estate is charged with them. There is here no express charge on the real estate.

The intention (which may be assumed to have existed in the testator's mind) that this legacy should be paid forms no argument for its being a charge. Because the personal estate is amply sufficient. (*Bevan* v. *Cooper*, 72 N. Y., 317.) This is not a case, like *Goddard* v. *Pomeroy* (36 Barb., 546), where there was such a complete disposition of the personal estate that there was not enough from which to pay an after given legacy.

The present case is nearly identical with those of *Reynolds* v. *Reynolds* (16 N. Y., 256); of *Lupton* v. *Lupton* (2 Johns. Ch., 623); of *Myers* v. *Eddy* (47 Barb., 263); of *Babcock* v. *Stoddard* (3 Thomp. & Cook, 207); of *Kinnier* v. *Rogers* (42 N. Y., 531); and of *Spillane* v. *Duryea* (51 How., 260). In all these cases a bequest and devise of the residue of the testator's estate is held not enough to charge the real estate with legacies.

In *Harris* v. *Fly* (7 Paige, 421), there was a devise of a farm to the son; a *devise* of $1,000 to each of two daughters to be *paid by the son*. Then there was a gift over to the son, "after payment of all my debts, legacies," etc. It was held in that case that the devise, with direction to the devisee to pay the legacy in respect to the estate so devised to him, made the real estate chargeable in equity. There is no similarity between that case and this. There the devisee was directed to pay the legacy; and the direction was such that it was held that he was to pay it *in respect to the estate devised*. In this case, the devisee is not directed to pay the legacy. The legacy is to be paid by the executrix and executor, while the land is devised to the daughter only. Nor does it alter the effect of the will that the executor renounced. Because the defendant's argument is based on the intent of the testator. And that intent is not altered by the renunciation of the executor.

But there is another point which should be observed. The case of *Harris* v. *Fly*, on which the defendant's counsel relies, does not hold that even in that will, the legacy was a legal charge; only it was an equitable charge. And an examination of the opinion, especially at page 427, will show that the chancellor does not intimate that the devisee could not sell the premises and give a good title. For he says: "If the devisee in this case had sold the premises for cash and had received the purchase-money, a question might have arisen whether the vendee was bound to see that the purchase-

money was applied to pay off the legacies." Thus the chancellor intimates, as will appear by his following sentence, that, even if the legacy were an equitable charge on the land, yet a devisee might sell the land. If he could not, then how could he pay the legacy? To illustrate; it is the ordinary duty of an executor to pay debts and legacies out of the personal estate. Was it ever supposed that this duty prevented the executor from selling the personal estate; although it was the primary fund from which to pay debts, and the sole fund from which to pay legacies? Even then if it should be admitted, in this case, that the real estate might be resorted to, in aid of the personal, for the payment of the legacies, does that prevent the devisee from selling the land, and thus raising the money out of which to pay the legacy? It is worth observing that, as often happens, this case of *Harris* v. *Fly* is cited to sustain a doctrine which it does not assert. The chancellor after indicating that a sale for cash and a payment would give the purchaser a good title remarks that no such question could arise in the case of a sale under execution against the devisee. Because, from the nature of the transaction, the purchaser would know that the money was not intended to pay the legacies; and the purchaser *claiming title through the will had constructive notice*. This last clause is frequently quoted, without regard to the fact that it was applied, by the chancellor, to a case, not of a sale by the devisee. but of a levy and sale under execution. That the purchaser would not be bound to see to the application of the purchase-money follows, by analogy, from 1 Revised Statutes, 730, § 66.

If the legacy is an equitable charge on the land in this case, still the personal estate is the primary fund. The charge on the real estate is established, only because the courts hold that the testator desired the legacy to be paid at all events. Now in the present case the only payment of the legacy possible is that the executrix and executor should receive this $20,000 and hold it on trust. The money was not to be paid to George S. Smith, but to his trustees. One of them has refused to accept. The other, it is admitted, has the money. What further discharge, or payment, of the legacy can be made it is difficult to see, since it is already in the hands of the person who is to hold it.

No case is cited by the defendant's counsel in which an equitable

lien of this character has been enforced, where the personal estate was sufficient to pay all the legacies claimed to be a charge. In *Dodge* v. *Manning* (11 Paige, 334), the chancellor said that, before resorting to the real estate, the complainant must show that the personal estate was exhausted, or that those who were accountable for it were irresponsible. In the present case there are no debts; and no evidence that the executrix is irresponsible. The legatee, if not in fact already paid, can obtain payment at once.

I think the judgment should be reversed.

BOCKES, J., dissented.

Present — LEARNED, P. J.; BOARDMAN and BOCKES, JJ.

Judgment reversed, new trial granted, costs to abide event.