Jones *v.* Watford.

WILLIAM H. JONES et al., executors, appellants,

*v.*

WILLIAM WATFORD et al., respondents.

[Filed November 18th, 1902.]

1. A will contained the following residuary clause: "All the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever found, I give and bequeath unto my executors, hereinafter named and their successors in trust, for the purchase of books upon the Philosophy of Spiritualism, not sectarian, or of any creed, Church or Dogma, but of free, liberal bearing.  Said books to be placed by my executors where they can be free to all who desire to think for themselves, and who are seeking for the truth from the true and living God, for I believe in one God, one Church and one Country, first, the great unknown, second, the whole human race, as one family, third, the whole Globe the home of all nations, that is my Trinity."—*Held*, that the residuary gift is expressed in terms sufficiently certain to enable it to be carried into effect.

2. Where, under a last will and testament a testator bequeaths money for a charitable use and therein creates a valid trust to effectuate it, and casts upon his executors, or the survivor or successors of them, a duty to discharge the trust, they become, in the execution of the trust, trustees of the fund bequeathed and are charged with its proper application under the will.

3. The sole question in such a case is whether the will gives the legal estate to the trustees and whether the person or corporation named in the will is competent to take.

On appeal from a decree advised by Vice-Chancellor Grey, whose opinion is reported in *17 Dick. Ch. Rep. 339.*

Thomas B. Watford died testate October 27th, 1899.  His will was duly probated.  After making certain bequests, he devised as follows:

"All the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever found, I give and bequeath unto my executors hereinafter named and their successors in trust, for the purchase of books upon the Philosophy of Spiritualism, not sectarian, or of any creed, Church or Dogma, but of free, liberal bearing.  Said books to be placed by my

executors where they can be free to all who desire to think for themselves, and who are seeking for the truth from the true and living God, for I believe in one God, one Church and one Country, first, the great unknown, second, the whole human race, as one family, third, the whole Globe, the home of all nations, that is my Trinity."

The last clause of his will reads, in part, as follows:

"I nominate, constitute and appoint Francis J. Keffer, Esq., William H. Jones and Joseph C. Shoiber, the executors of this my last will and testament. Should any of my executors die or refuse to act, it is my will that the survivor or survivors shall select an executor to fill the place of the one deceased or refusing to act, as it is my desire that there shall be at least two executors at all times."

His executors doubted whether the trust bequeathed to them was a valid one, and the heirs-at-law claimed that it was invalid, because indefinite, and that the residuary estate passed to them as if the testator had died intestate.

The bill was filed by the executors, and, among other things, prayed that the court might declare whether the devise of the residue of the estate was legal and valid.

*Mr. Robert S. Clymer,* for the appellants.

*Mr. Joseph T. Sickler,* for the respondents.

The opinion of the court was delivered by

FORT, J.

In this case there are cross-appeals. The decree of the court of chancery sustains the validity of the residuary clause of the last will and testament of Thomas B. Watford, deceased, the provisions of whose will, relating to the questions before us, are set out at the head of this opinion, but decrees that the executors named in the will "are not capable to take upon themselves and discharge the duties created by the said clause."

This court affirms the decree appealed from wherein it sustains the residuary clause of the testator's will, for the reasons given by Vice-Chancellor Grey in *Jones* v. *Watford, 17 Dick. Ch. Rep. 339.*

So much of the decree, however, as adjudges that the executors named in the will are not capable of taking upon themselves and discharging the trust, we think, is erroneous and should be reversed.

So much of the residuary clause of the testator's will as need be quoted is as follows:

"All the rest, residue and remainder of my estate, real and personal, whatsoever and wheresoever found, I give and bequeath unto my executors hereinafter named and their successors in trust, for the purchase of books upon the Philosophy of Spiritualism, not sectarian, or of any creed, Church or Dogma, but of free, liberal bearing. Said books to be placed by my executors where they can be free to all," &c.

By the last clause of his will he names three executors, and then provides as follows:

"Should any of my executors die or refuse to act, it is my will that the survivor or survivors shall select an executor to fill the place of the one deceased or refusing to act, as it is my desire that there shall be at least two executors at all times."

The trust being good, we think that by the provisions of the will in which it is formed, the executors named in the will, who are the appellants from this part of the decree, are clearly charged with the execution of the trust.

In executing these provisions of the will, the executors are trustees of the fund bequeathed, and are charged with its proper application under the will.

It is unnecessary to determine as to the question of successors to the executors as trustees, under the residuary clause of the testator's will, as all the executors named qualified and stand ready to carry out the trust imposed. There is, then, *in præsenti*, no question as to successors.

The learned vice-chancellor has not favored the court, in his opinion, with any reasons why the executors are unable to execute the trust, nor has he cited any authorities bearing upon that question.

In a trust for charity, the trustees take the estate. *Exeter* v. *Odiome, 1 N. H. 232.*

The only question in a case of this character is whether the will gives the legal estate to the trustees, and whether the person or corporation named in the will is competent to take. *Downing* v. *Marshall, 23 N. Y. 366; Goddard* v. *Pomeroy, 36 Barb. 546; Goodell* v. *Union Asst., &c., 2 Stew. Eq. 32.*

The capacity of the executors in the will before us is not questioned. They are natural persons. It would be difficult to frame language more clearly indicating the testator's intention to devise and bequeath his residuary estate to his executors *in trust* for the purpose indicated, and that they or their successors, the succession to be continued as indicated in the will, should manage the trust. *Bisp. Pr. Eq.* § *136; 2 Pom. Eq. Jur.* §§ *1062, 1087.*

This results in an affirmance of that part of the decree appealed from by William Watford et al., and a reversal of that part of the decree appealed from by William H. Jones et al., executors.

*For affirmance of that part of decree appealed from by the next of kin*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, BOGERT, ADAMS, VREDENBURGH—11.

*For reversal*—VROOM—1.

*For reversal of that part of decree appealed from by the executors*—THE CHIEF-JUSTICE, VAN SYCKEL, DIXON, COLLINS, FORT, GARRETSON, HENDRICKSON, PITNEY, ADAMS, VREDENBURGH, VROOM—11.

*For affirmance*—None.